537 So.2d 805 (1989)
STATE of Louisiana, Plaintiff,
v.
Terry W. FLETCHER, Defendant,
the News-Star-World Publishing Corporation, dba the News-Star, Applicant.
No. 20590-CW.
Court of Appeal of Louisiana, Second Circuit.
January 18, 1989.
*806 Hudson, Potts & Bernstein by William T. McNew, Monroe, for applicant.
William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., Kathy R. McCoy, Asst. Dist. Atty., for plaintiff.
Smith & Hingle by J. Randolph Smith, Monroe, for defendant.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
MARVIN, Judge.
On the application of the Monroe newspaper, we granted a writ to review the correctness of the trial court's order that "closed" to the public and press in a preliminary hearing, the testimony of two high school senior coeds that were the alleged victims of their male teacher who was charged with molesting them by lewd and lascivious conduct. The crimes allegedly occurred in 1987 and 1988. Both coeds were born in 1971. The defendant teacher was born in 1958.
Notwithstanding our understanding and appreciation of the trial court's motive, we must find the trial court in error in the procedure employed to order the limited closure of the hearing.
The trial court's order closing the hearing and sealing the transcripts of the minor's testimony is reversed and the matter is remanded to the trial court for further proceedings. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); Press Enterprise Co. v. Superior Court of California, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). Compare State v. Eaton, 483 So.2d 651 (La.App. 2d Cir.1986).
The State verbally sought the closure only on non-specific grounds and initially without objection by the defendant or the press. Without a hearing or evidence, the court granted the order, clearing the courtroom of the public and the press before beginning the preliminary hearing before noon. When the hearing resumed after noon, the newspaper appeared through counsel and was allowed to object to the closure.
Denying the newspaper's objection, the trial court explained that it knew enough about the case from its review of the file, its view of the victims, the charge, and conferences with counsel for defendant and the state, to conclude that the hearing *807 would "deal with sensitive issues ... difficult to talk about." For those reasons the court said the hearing would be closed only to hear the testimony of the two minors, and not in other respects. The court also denied access to the transcripts of the testimony of the minors at the preliminary hearing.
In this court defendant's counsel has asserted defendant's potential interest and has suggested some vague reasons for upholding the trial court's closure order. Defendant and his counsel were present and were allowed to cross-examine all witnesses at the preliminary hearing. The issues raised here by defendant were not presented to or ruled on by the trial court. We therefore limit our review to the trial court's ruling in this record which is complained of by the applicant newspaper.
APPLICABLE CONSTITUTIONAL PRINCIPLES
In its brief, the State recognizes that a qualified First Amendment right of access to public or open criminal proceedings applies to a preliminary hearing. Press Enterprise Co.; Eaton, cited supra.
The State fails to recognize, however, the procedure by which the First Amendment right of access to court hearings may be properly qualified or limited. The State, of course, may assert a sometimes compelling interest to safeguard the physical and psychological well-being of a minor witness that may justify a limited closure. Even then the press and public must be given an opportunity to be heard before limited closure is ordered. The compelling state interest for the minor witness stems from the "incremental injury" a minor may suffer by testifying before the public and the press. The indelicate nature of the testimony may be the cause of the "incremental injury," but, of itself, is not the compelling interest that justifies limited closure. Globe Newspaper Co., supra.
Before the limited closure may be ordered, however, the State must present evidence and demonstrate, and the court must find, that there is a "substantial probability" that the minor victim of sexual conduct will suffer either or both physical and psychological detriment or damage from testifying in open court before the press and the public [the incremental injury]. The State must also show that reasonable alternatives to closure would not adequately protect against incremental injury to the minor victim. Globe Newspaper Co., supra. There the court struck down a state law that required that the public be excluded from all trials of specified sexual crimes against a victim under the age of 18.
The Supreme Court there recognized, as we do, that a trial court has much discretion and authority to protect the minor victim of a sexual crime on a case to case basis. See fn. 25, Globe Newspaper Co., supra. See LRS 15:469, 283, 440.1-440.6; CCrP Art. 17.
The cited Louisiana Title 15 sections particularly apply to minors under the age of 15 and do not expressly include minors between the ages of 15 and 18. When this preliminary hearing was held, each of the minor victims was within 14 months of being 18 years old. Nonetheless, and disregarding any statutory basis, on a proper showing by the state, the interests of any minor witness-victim of a sex crime may sometimes be protected by a court on a case-to-case basis on the exercise of the court's inherent power to control its proceedings. Globe Newspaper Co., supra.
The State has failed, in this record, to make the showing suggested by the Supreme Court that would warrant the limited closure. Having been specifically named in the bill of information filed as a public record, the minors were revealed to the public and to the newspaper. Even should we agree that the alleged conduct of the defendant was "sensitive" and "difficult" for the minors to testify about in open court [a suggestion, but not a showing, of possible psychological detriment to the minors], the test for limited closure is not possibility, but demonstrated substantial probability of incremental injury to the minor. Moreover, the assumed incremental injury having been avoided by the *808 closure order, there is no legal basis in this record for the court's denying access to the transcript of the testimony given by the minors.
Under the circumstances, we must reverse the trial court's order to close the preliminary hearing of the testimony of the minor victims and to deny public access to the transcript. Defendant may specifically assert in the trial court on remand his constitutional interests.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.