556 So.2d 187 (1990)
STATE of Louisiana, Respondent,
v.
Bryan Wayne WIDENHOUSE and Frank Dwayne Moseley, Respondents, and
Gannett River States Publishing Corporation d/b/a The Times, Intervenor/Applicant.
No. 21605-KW.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1990.
*188 Graves, Daye, Bowie, Beresko & Flowers by: Peter R. Flowers, Shreveport, for defendant/respondent Bryan Wayne Widenhouse.
Daryl Gold, Bossier City, for defendant/respondent Frank DeWayne Moseley.
Tucker, Jeter, Jackson & Hickman by W. Lake Hearne, Shreveport, for intervenor/applicant Gannett River States Pub. Corp.
William J. Guste, Jr., Atty. Gen., Henry N. Brown, Jr., Dist. Atty., David G. Griffith, Asst. Dist. Atty., Benton, for plaintiff/ respondent.
Before HALL, NORRIS and HIGHTOWER, JJ.
NORRIS, Judge.
Intervenor, Gannett River States Publishing Corporation, d/b/a The Times (hereinafter "The Times"), applied for writs asking us to review the trial court's order sealing that portion of the record in this matter that contains answers to motions for discovery and inspection, together with all attachments. For the reasons expressed, we grant the writ, make it peremptory and reverse the lower court's ruling sealing the record.
The victim, 17-year old Bramonte Smith, was shot to death on August 15, 1989. The police arrested two of his classmates, Bryan Wayne Widenhouse and Frank D. *189 Mosley, on first degree murder charges in connection with the case. News of the murder and arrests appeared on the front page of The Times on August 17, 1989. The following day The Times ran a front-page story reporting public statements attributed to Chief Detective Gene Rittenberry that the defendants had confessed to the police how they plotted Smith's death and killed him; it also reported that one of the defendants admitted to a high school counselor that he participated in the murder. All parties concede that the incident has generated intense public interest and has been the subject of extensive news coverage, not just in The Times but by all local media.
The defendants were subsequently indicted for second degree murder in violation of LSA-R.S. 14:31.
On August 29, 1989, the trial court, in chambers at the request of the state and without objection from the defendants, ordered that the entire record in the case be sealed. Prior to this order both defendants filed motions to set bond, and Mosley moved for a preliminary examination and discovery. On August 29, 1989, Widenhouse filed a motion to change venue, to suppress any statements and physical evidence and a motion for discovery. Subsequent to the order sealing the record, Mosley filed motions for change of venue, discovery, and to suppress any statements.
On September 11, 1989, The Times filed a motion to intervene and to vacate the order sealing the record. The trial court granted the intervention and set a hearing on this motion for September 27, 1989.
At the hearing on the motion to vacate, the defendants joined the state in orally moving that both the state's and defendants' responses to motions for discovery and inspection be sealed in the interest of justice and defendants' right to a fair trial. Testimonial evidence was not introduced and the hearing consisted solely of arguments by the interested parties. The state argued in favor of sealing the record but believed that an impartial jury could be seated; it urged, nevertheless, that the newspaper publicity (specifically The Times's August 18 story reporting the defendants' confessions) "did not help the process." Both defense counsel agreed with the state's argument that the intense publicity hindered the prospect of selecting an impartial jury. The court also expressed displeasure with the August 18 article, calling it irresponsible, but acknowledged that there were alternatives to sealing the record, such as sequestration of the jury panel, individualized voir dire and continuance. The court also mentioned change of venue, but commented this was an expensive remedy for the state to bear. The court proceeded, without making specific factual findings, to amend its prior order of total sealing and ordered that only the portion of the record containing the answers to motions for discovery and inspection, with attachments, be sealed.
The Times applied for exercise of our supervisory jurisdiction contending that the trial court erred in determining that the defendants' rights to a fair trial would be prejudiced by public access to discovery responses, in failing to employ less restrictive means of protecting against the perceived harm, and in determining that denying public and media access to the discovery responses would be an effective method of achieving the desired result. We granted the writ and ordered the parties to brief the issues involved. Subsequently, after learning the case had been fixed for trial on January 29, 1990, The Times moved for an expedited hearing. We denied that particular request but ordered that the matter be submitted without oral argument as of January 2, 1990. The Times filed its brief, the defendants filed letters taking no position, and the state has not responded with a brief.
The public and press have an enforceable qualified constitutional right of access to attend criminal trials and pretrial proceedings. USCA-Const. amend. 1; LSA-Const. art. 1 § 7; Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); Press Enterprise Co. v. Superior Court of California, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) ("Press Enterprise II"); *190 State v. Eaton, 483 So.2d 651 (La.App. 2d Cir. 1986); State v. Fletcher, 537 So.2d 805 (La.App. 2d Cir.1989); State v. Womack, 551 So.2d 855 (La.App. 2d Cir.1989). This right extends to documents filed in connection with the pretrial motions in criminal proceedings. Associated Press v. U.S. District Court, 705 F.2d 1143 (9th Cir.1983); In Re New York Times Co., 828 F.2d 110 (2d Cir.1987), cert. denied 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988); cf. State v. Fletcher, supra; State v. Womack, supra. There is a presumption of openness which may be overcome only by an "overriding interest" such as the accused's right to a fair trial. Press Enterprise Co. v. Superior Court, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) ("Press Enterprise I"); State v. Eaton, supra.
In order to effect closure or sealing of the record in a criminal proceeding, the moving party must show and the trial court must specifically find that there is a reasonable probability that (1) the defendant's right to a fair trial will be prejudiced by publicity; (2) closure would prevent that prejudice; and (3) reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights. Press Enterprise II, supra; State v. Eaton, supra; State v. Fletcher, supra; State v. Womack, supra. It is essential that the trial court support any decision to close with specific reasons and findings on the record in order to facilitate appellate review. Press Enterprise II, supra; In re Charlotte Observer, 882 F.2d 850 (4th Cir.1989). Broad and general findings by the trial court are not sufficient to justify closure. The First Amendment Right of Access cannot be overcome by the conclusory assertion that publicity might deprive the defendant of the right to a fair trial. Press Enterprise II, 478 U.S. at 15, 106 S.Ct. at 2743.
Applying these legal principles to the instant case, we must reverse the decision of the trial court sealing a portion of the record in this proceeding. The record clearly reveals that, at the hearing below, the state did not show and the trial court did not specifically find a substantial probability that the defendants' right to a fair trial would be prejudiced by the contemplated publicity, that sealing a part of the record would prevent that prejudice, and that reasonable alternatives to closure could not adequately protect the defendants' fair trial rights. Such vague, nonspecific and speculative assertions and findings (the article of August 18 is "irresponsible," further publicity "might deprive" the defendants of a fair trial, and change of venue is expensive to the state) will not suffice to justify the sealing of a portion of the record in this proceeding.
Moreover, we note that virtually all the material sought to be sealed is, to a great extent, already in the public domain. It has already been published that the defendants confessed to the police that they plotted and killed the victim. Defendants' oral and recorded statements, described in or attached to the state's answers to discovery, have been ruled admissible by the trial court at an open suppression hearing conducted on September 27 and 28, 1989, with the exception of a brief statement made by Widenhouse on August 17, 1989. Under the circumstances, we do not see how "republication" of these facts could tip the scales in favor of closure. The state has advanced no argument, and we perceive no rational analysis, based on this record, that would support such an assessment.
The Times's application has merit. The trial court's order sealing a portion of the record in this matter is reversed. This matter is remanded to the trial court.
WRIT GRANTED AND MADE PEREMPTORY. THE ORDER OF SEALING IS REVERSED.