BELSOME, Judge.
STATEMENT OF THE CASE
I,On January 7, 2005 the State filed a bill of information charging the defendant-appellant Willie James with one count of simple burglary, a violation of La. R.S. 14:62. The defendant entered a not guilty plea at arraignment on January 12, 2005. At the motion hearing held on February *570 18, 2005, the court granted the motion to suppress the physical evidence, denied the motion to suppress the identification, and found probable cause to bind the defendant over for trial. On May 4, 2005 the defendant appeared for trial. He waived his right to a jury trial and proceeded before the court. Following testimony, the judge found him guilty of attempted simple burglary, a violation of La. R.S. 14:27(62). On June 2, 2005 the court sentenced the defendant to three years at hard labor and recommended him for the Department of Corrections Impact Program. The defendant filed a motion for an appeal, which was granted. He also filed a motion to reconsider sentence and a motion to quash the multiple bill. However, there is nothing in the record to indicate that a multiple bill was ever filed.
| STATEMENT OF THE FACTS
On November 7, 2004, at approximately 9:30 p.m., Jules Vogel was in his kitchen at 906 Governor Nicholls when his attention was drawn outside. He observed a man, whom he later identified as the defendant, inside a vehicle parked right outside. The defendant was prying the radio out of the dashboard of the vehicle. Mr. Vogel called the police and provided a description of the defendant. As he was waiting for the police to respond, Mr. Vogel kept watching the defendant as he got out of the car and walked down Governor Nicholls toward Dauphine. The defendant then got onto a bicycle and as he was riding away, a police car came and stopped him. At trial, Mr. Vogel stated that the description he provided the police was of a man wearing a white t-shirt and black pants and carrying a knap sack.
Dennis Goodman testified that he was returning home from a walk with his dog when he observed a man in police custody. Additionally, as he passed his vehicle parked on Governor Nicholls, he saw that a window was broken and that there was damage to the inside of his car. He testified at trial that his car had not been in that condition previously. He also stated that he did not know the defendant and did not give him permission to enter his vehicle.
Detective Dennis Dejean of the New Orleans Police Department Eighth District testified that he participated in the investigation of an incident involving an automobile on Governor Nicholls on November 7, 2004. He arrived at the scene and met with the arresting officers, Officers Carter and Baxter. The defendant was already in custody inside their police vehicle.
No other State witnesses were called. The defense presented no witnesses.

\,DISCUSSION

The appellant in his second assignment of error requests a review of the record for errors patent, which review is conducted even in the absence of an assignment of error. In his first assignment of error he asserts that the trial court imposed an excessive sentence. A review of the record, including the sentencing transcript, reveals that the only error patent is that the trial court did not rule on the motion to reconsider sentence which was filed by the defendant on June 2, 2005. This Court has previously held that it is procedurally incorrect to review a defendant’s sentence prior to the trial court’s ruling on a motion to reconsider sentence. See State v. Ferrand, 2003-1746 (La.App. 4 Cir. 1/14/04), 866 So.2d 322; State v. McQun, 2002-0259 (La.App. 4 Cir. 6/19/02), 828 So.2d 598; State v. Allen, 99-2579 (La.App. 4 Cir. 1/24/01), 781 So.2d 88. The defendant filed his motion to reconsider sentence within thirty days of sentencing, and apparently the court never ruled on the motion. As this Court noted in State v. Temple, 2000-2183 (La.App. 4 Cir. *571 5/16/01), 789 So.2d 689, without a final sentence the conviction is not appealable.

CONCLUSION

Accordingly, because the appellant’s sole assignments of error relate to his sentence and a review of the record for errors patent, this Court remands this case to the district court for a ruling on the motion for reconsideration of sentence, reserving the appellant’s right to appeal his conviction and sentence once the district court has ruled on the motion.
REMANDED.