PAUL A. BONIN, Judge.
|2Percy Allen was convicted by a six-person jury of the crime of simple possession of cocaine. La. R.S. 40:967 C. Adjudicated a quadruple felony offender, he was sentenced to twenty years at hard labor, ■without benefit of probation or suspension of sentence. La. R.S. 15:529.1 A(l)(c)(i). In addition to requesting us to review for errors patent, which we always do, he solely appeals the excessiveness of his sentence. For the reasons which follow, we affirm the conviction and sentence.
I
While patrolling shortly after midnight, two New Orleans police officers came upon a car stopped in the middle of the street. A pedestrian was leaning into the car. Alerted to the police, the driver of the car sped away, but the police gave brief chase. During the chase, one of the officers observed the driver discard objects. After the driver and passenger were stopped and secured, the officer ^retrieved from the side of the street crack cocaine in a packet and a crack pipe. The driver, Mr. Allen, was arrested for possession of cocaine. The crack weighed 4.98 grams. The maximum penalty for that amount of cocaine is five years at hard labor. La. R.S. 40:967 C(2).
Mr. Allen had been convicted of three prior felonies: (1) illegal use of a firearm in 1993, (2) second degree battery in 2003, and (3) possession of cocaine in 2004. After a hearing[1] on the multiple bill allegation, the court on October 14, 2008 adjudicated Mr. Allen a quadruple offender. La. R.S. 15:529.1 A(l)(c)(i) provides:
Any person who, after being convicted within this state of a felony ..., thereafter commits any subsequent felony in *1026 this state, upon conviction of said felony, shall be punished as follows: ... If the fourth or subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then: ... The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life ...
The district judge imposed the twenty year sentence without benefit of probation or suspension of sentence. La. R.S. 15:529.1 G. Immediately following the imposition of sentence, the sentencing judge invited Mr. Allen’s private defense counsel to orally move for reconsideration. Defense counsel moved for reconsideration, which was immediately denied. La. C.Cr.P. art. 881.1 B and D.
II
We have reviewed the record for errors patent. La.C.Cr.P. art. 920(2). We have found none, but note a discrepancy between the sentencing transcript and the |,(minute entry. The twenty year sentence announced by the judge was without benefit of probation or suspension of sentence. The minute entry records that the sentence is without benefit of probation, parole, or suspension of sentence. Ordinarily, the transcript is controlling over the minute entry. State v. Lynch, 441 So.2d 732, 734 (La.1983). The minute entry in this case is, however, legally correct. La. R.S. 15:574.4 A(l) provides in pertinent part that “[a] person convicted of a third or subsequent felony offense shall not be eligible for parole.” See also La. R.S. 15:301.1 A. The Louisiana Supreme Court held in State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799 that:
In instances where these restrictions are not recited at sentencing, L.A. REV. STAT. ANN. § 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.
Ill
We turn now to Mr. Allen’s assignment of error that his sentence is excessive. The United States Supreme Court in Solem v. Helm, 463 U.S. 277, 284-290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), set forth the following principle:
The Eighth Amendment declares: “Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.” The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed.
The principle that a punishment should be proportionate to the crime is deeply rooted and frequently repeated in common-law jurisprudence.... Although the precise scope of this provision is uncertain, it at least incorporated “the longstanding principle in English law that the punishment ... should not be, by reason of its | Sexcessive length or severity, greatly disproportionate to the offense charged....
When the Framers of the Eighth Amendment adopted the language of the English Bill of Rights, they also adopted the English principle of proportionality.... Thus our Bill of Rights was designed in part to ensure that these rights were preserved. Although the Framers may have intended the Eighth *1027 Amendment to go beyond the scope of its English counterpart, their use of the language of the English Bill of Rights is convincing proof that they intended to provide at least the same protection— including the right to be free from excessive punishments....
In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional....
The Louisiana Supreme Court in State v. Dorthey, 623 So.2d 1276 (La.1993), relying in part on La. Const, art. I, § 20 (“No law shall subject any person ... to cruel, excessive or unusual punishment.”) remanded the case
for its determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing.
Dorthey emphasized the judiciary’s constitutional duty to review sentences for excessiveness:
... we recognize that the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana’s judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). According to Sepulvado, the 1974 Louisiana Constitution, Article I, Section 20 “ ‘gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fíne, imprisonment or otherwise, though not cruel and unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court’s control over the entire sentencing process.’” Id. at 766, citing “The Declaration of Rights of the Louisiana Constitution of 1974”, 35 La. L.Rev. 1, 63 (1974). Thus, “[t]he imposition of a sentence, although within the statutory limit, |timay violate a defendant’s constitutional right against excessive punishment ...” Id. at 767. Accordingly, under the 1974 Constitution “the excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.” Id. at 764 .... (emphasis added)
Dorthey, supra at 1280. If a sentence is constitutionally excessive, a sentencing judge has not only the option but “indeed the duty [ ] to reduce such sentence to one that is not.” Id.
Mr. Allen’s private counsel did not comply with the statutory requirements for properly preserving an objection or claim for excessiveness on appeal. See La. C.Cr.P. arts. 881.1 E and 881.2 A(l). We would, however, consider the claim of ex-cessiveness when there has been a timely objection to the sentence upon denial of a motion to reconsider. State v. Miller, 00-0218, p. 8 (La.App. 4 Cir. 7/25/01), 792 So.2d 104, 111. In this case, the district judge both suggested to the defense counsel the urging of the motion to reconsider and supplied on behalf of the defense counsel the objection to the court’s ruling. Thus, the issue of excessiveness is proee-durally preserved for review. There are no facts in the record which individualize or particularize this defendant or his circumstances. We know virtually nothing about him, including his age or whether he is or was addicted to crack cocaine, or *1028 whether any previous periods of incarceration had failed to curb his criminal conduct. In short, there is nothing substantive for us to consider in determining whether this sentence amounts to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime.” DoHhey, supra at 1280-1281. Based on this record, we cannot say that Mr. Allen’s situation is one of those rare cases deserving of a ^downward departure from the habitual offender law. See State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677.
DECREE
The conviction of Percy Allen for simple possession of crack cocaine is affirmed. His sentence of twenty years at hard labor without the benefit of probation, parole or suspension of sentence is also affirmed.
AFFIRMED.
LOMBARD, J., concurs with reasons.
BONIN, J., concurs with reasons.

. The multiple bill hearing was conducted in very much the same manner as this writer described, and criticized, in State v. Conner, 08-473, p. 9 (La.App. 4 Cir. 10/1/08), 996 So.2d 564, 569-571 (Bonin, J, concurring in part and dissenting in part).