PAUL A. BONIN, Judge.
 

 lTOn remand the district judge sentenced Tyrone Conner, a quadruple offender, to twenty years at hard labor without benefit of probation, parole or suspension of sentence.
 
 [1]
 
 Mr. Conner appeals the sentence as constitutionally excessive. For the reasons which follow, we affirm the sentence.
 

 I
 

 Mr. Conner was convicted by a jury of the crime of attempted burglary, a violation of La. R.S. 14:27 and 14:62. The maximum sentence for this crime is six years or one-half of the maximum length for the completed offense, which is twelve years. La. R.S. 14:27 D(3). After ordering a pre-sentence investigation and report, the district judge sentenced Mr. Conner to one year at hard labor. The district |2attorney then filed a multiple bill, alleging that Mr. Conner, having three prior felony convictions, was a quadruple offender. La. R.S. 15:529.1. The prior convictions were in 1992 for simple burglary, in 1994 for possession of crack cocaine, and in 2003 for simple robbery. After an initial evidentiary hearing, the district judge adjudicated Mr. Conner a triple offender and sentenced him to ten years at hard labor, which was less than the statutory maximum sentence. La. R.S. 15:529.1 A(l)(b)(i).
 
 [2]
 
 At the same time that Mr. Conner appealed his conviction, the prosecution applied to this court for supervisory
 
 *1134
 
 review of the sentencing court’s determination that it had not proven that Mr. Conner was a quadruple offender. La. Const, art. V, § 10 A and La.C.Cr.P. art. 881.2 B(l)(b). We affirmed the conviction by unanimous decision, reversed the habitual offender finding by majority decision, and the matter was remanded to the district court with instructions to sentence Mr. Conner as a quadruple offender.
 
 State v. Conner,
 
 08-0473
 
 (consolidated with
 
 08-0345 (La.App. 4 Cir. 10/1/08), 996 So.3d 564 (Bonin, J., concurring in part and dissenting in part)).
 

 At the sentencing hearing on remand, defense counsel argued that the statutory minimum sentence of twenty years without benefit of probation, parole, or suspension was excessive and urged the sentencing judge to downwardly depart on the authority of
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). The Louisiana Supreme Court in
 
 Dorthey,
 
 relying in part on La. Const, art. I, § 20 (“No law shall | .-¡subject any person ... to cruel, excessive or unusual punishment.”), remanded the case,
 

 ... for its determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing.
 

 Dorthey
 
 emphasized the judiciary’s constitutional duty to review sentences for excessiveness:
 

 ... we recognize that the review of sentencing,
 
 including sentencing under R.S. 15:529.1,
 
 is a long established function of the judicial branch. Accordingly, Louisiana’s judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for
 
 constitutional excessiveness. State v. Sepulvado,
 
 367 So.2d 762 (La.1979). According to
 
 Sepulvado,
 
 the 1974 Louisiana Constitution, Article I, Section 20 “‘gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel and unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court’s control over the entire sentencing process.’ ”
 
 Id.
 
 at 766,
 
 citing
 
 “The Declaration of Rights of the Louisiana Constitution of 1974”, 35 La. L.Rev, 1, 63 (1974). Thus, “[t]he imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment ...”
 
 Id.
 
 at 767. Accordingly, under the 1974 Constitution “the excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.”
 
 Id.
 
 at 764. (emphasis added)
 

 Dorthey, supra
 
 at 1280. If a sentence is constitutionally excessive, a sentencing judge not only has the option but “indeed the duty [ ] to reduce such sentence to one that is not.”
 
 Id.
 

 The sentencing judge declined to consider a sentence less than the statutory minimum.
 

 JJI
 

 The Eighth Amendment and Louisiana Const, art. I, § 20 proscribe excessive sentences. No sentence is
 
 per se
 
 constitutional.
 
 Solem v. Helm,
 
 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). However, Mr. Allen’s sentence is presumptively constitutional.
 
 State v. Johnson,
 
 97-1906, p. 5-6 (La.3/4/98), 709 So.2d 672, 675. Mr. Conner bears the burden of rebutting the constitutionality of the imposition of the statutory minimum sentence on him or, stated another way, of clearly and convincingly establishing the excessiveness of his sentence.
 
 Johnson, supra
 
 p. 8, 709 So.2d at 676-678;
 
 see also
 
 
 *1135
 

 State v. Short,
 
 96-2780, p. 8 (La.App. 4 Cir. 11/18/98), 725 So.2d 23, 27.
 

 Mr. Conner’s burden under
 
 Dorthey, supra
 
 at 1280-1281, is to factually establish that the imposition of
 
 this
 
 sentence amounts to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime.” No evidence was introduced in the district court in support of the claim of excessiveness of sentence. While it does appear unusual that the district judge with the benefit of a pre-sen-tence report (which presumably included information about Mr. Conner’s criminal history of burglary and robbery) initially considered a sentence of one year to be appropriate, the pre-sentence report was not made a part of the record for the purposes of our review.
 
 [3]
 
 Without |5the factual information contained in the pre-sentence repoi't, we as a reviewing court have no way of evaluating the reasonableness of the sentencing court imposing a sentence twenty times greater than the initial sentence. Moreover, there is nothing suggestive in the initial sentence from which we might infer, for example, that the sentencing judge believed that Mr. Conner’s career criminal conduct was related to an untreated drug addiction; there was surely no evidence introduced to support a factual finding that Mr. Conner required treatment for an addiction rather than twenty years in the penitentiary.
 
 Dor-they,
 
 after all, involved a quadruple offender, all of whose convictions were for simple possession of crack cocaine.
 
 Dorthey, supra
 
 at 1277.
 

 Mere argument — unsupported by factual evidence — that a sentence is excessive is insufficient to carry the burden of proof. In the absence of an evidentiary record, there is simply nothing for this court to review on appeal.
 
 See State v. Allen,
 
 09-813, p. 6 (La.App. 4 Cir. 1/13/10), 30 So.3d 1024, 1027, 2010 WL 117681.
 
 [4]
 
 Here, Mr. Conner did not make a proffer of any evidence.
 
 See
 
 La.C.Cr.P. art. 881.1 D.
 

 We conclude that Mr. Conner failed to carry his burden of establishing the exces-siveness of his sentence and, therefore, failed to overcome the presumption that the sentence imposed upon him does not violate the proscriptions of the Eighth Amendment and of La. Const, art. I, § 20.
 

 _b.ni
 

 The district court followed this court’s mandate to sentence Mr. Conner as a quadruple offender. Because Mr. Conner did
 
 *1136
 
 not factually establish that the statutory minimum sentence of twenty years without the benefit of probation, parole, or suspension of sentence was excessive when imposed upon him, the district judge did not err when he did not downwardly depart and impose a lesser sentence. The sentence is affirmed.
 

 SENTENCE AFFIRMED.
 

 [1]
 

 . See La. R.S. 15:529.1 A(l)(c)(i) and La. R.S. 15:574.4 A(l).
 

 [2]
 

 . The text of the statute reads, in pertinent part:
 

 (b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
 

 (i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
 

 [3]
 

 . La.C.Cr.P. art. 877 was amended by Acts 1985, No. 384, § 1, to add a third paragraph, section C, rendering the article as it reads today, in pertinent part:
 

 C. The presentence investigation report, edited to protect sources of confidential information, shall be made a part of the record if the defendant seeks postconviction relief only on the grounds of an excessive sentence.
 

 Thus, after the 1985 amendment and prior to the Louisiana Supreme Court’s decision in
 
 State ex rel. Melinie v. State,
 
 93-1380 (La. 1/12/96), 665 So.2d 1172, which precludes review of sentencing errors post conviction, article 877 effectively operated to allow a defendant to include the presentence investigation report in the record. While it appears that the legislation has simply not caught up with the jurisprudence, the inconsistency illuminates the fact that a defendant has no meaningful procedural mechanism under article 877 by which to introduce this information on direct appeal of his sentence.
 
 See also
 
 La.C.Cr.P. arts. 875 and 881.3.
 

 [4]
 

 . The importance of a full evidentiary hearing in the district court on a claim of excessiveness can hardly be overstated. The only opportunity for review of the sentencing decision is on direct appeal as there is no post-conviction review available on such claim.
 
 State ex rel. Melinie v. State,
 
 93-1380 (La. 1/12/96), 665 So.2d 1172. Moreover, under
 
 State v. Thomas,
 
 08-2912 (La. 10/16/09), 19 So.3d 466, there is no post-conviction review available for ineffective assistance of counsel at sentencing claims.