PAUL A. BONIN, Judge.
| iRomale Pernell returns to this Court on appeal claiming that the sentencing judge failed to comply with our remand instructions issued in connection with his earlier appeal. In a previous opinion, we affirmed Mr. Pernell’s conviction for the second degree murder of Richard Bruce. See State v. Pernell, 13-0180 (La.App. 4 Cir. 10/2/13); 127 So.3d 18. In that same opinion, however, we remanded the matter to the district court so that an evidentiary hearing could be conducted on Mr. Per-nell’s outstanding motion to reconsider his legislatively-mandated life sentence, which must be served at hard labor and without the benefit of parole, probation, or suspension of sentence. See La.C.Cr.P. art. 881.1; La. R.S. 14:30.1 B. Remand to the trial court was necessary as we have consistently refused to review the excessiveness of a defendant’s sentence on appeal until the district court has ruled on a pending or outstanding motion to reconsider sentence. See State v. James, 05-1468, p. 3 (La.App. 4 Cir. 10/4/06); 942 So.2d 569, 570-571. See also State v. Dorsey, 02-0692, pp. 3-4 (La.App. 4 Cir. 10/9/02); 830 So.2d 347, 348.
|2We repeat here the specific instructions which we issued to the sentencing judge:
*943 We remand this matter to the district court and direct that it conduct a hearing on the defendant’s pending motion to reconsider sentence under the criteria established in [State v.] Sepulvado, 867 So.2d 762 [(La.1979),] and [State v. Johnson, 97-1906 (La.3/4/98); 709 So.2d 672]. If the sentencing judge concludes that Mr. Pernell’s sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence is excessive, and that a downward departure is authorized, he shall impose the most severe sentence that is not constitutionally excessive. [See State v.] Lindsey, 99-3802, p. 5 [ (La.10/17/00);] 770 So.2d [339,] 343. If the sentencing judge decides to downwardly depart from the legislatively mandated sentence either by reason of its duration or, for example, by its restriction on parole eligibility, he shall justify his reduction. See State v. Gordon, 96-0427 (La.5/10/96); 672 So.2d 669, 669 [ (per curiam) ]. We reserve the parties’ rights to appeal any adverse ruling by the district court on remand. See, e.g., State v. Rainey, 09-1510, p. 5 (La.App. 4 Cir. 7/21/10); 43 So.3d 1090, 1093.
Pernell, 13-0180, p. 17; 127 So.3d at 30.
Importantly, we did not afford the sentencing judge the discretion to deny Mr. Pernell’s motion “without a hearing.” See La.C.Cr.P. art. 881.1 D. And we are vexed that neither Mr. Pernell’s appointed counsel nor the assistant district attorney clarified on the record that specific instructions were provided regarding the hearing on the motion. Our remand instructions were clear. We ordered that a hearing be held in accordance with the criteria established in Sepulvado, 367 So.2d 762, and Johnson, 97-1906; 709 So.2d 672.
Here, the sentencing judge denied Mr. Pernell’s motion to reconsider his sentence without permitting any evidence to be introduced or hearing argument from the defendant or the district attorney. Defense counsel thereafter indicated that Mr. Pernell was prepared to introduce evidence at the hearing to show that his sentence was excessive under La. Const, art. I, § 20. The sentencing judge then ¡¡¡explained his reasoning for denying the motion, stating that he was without discretion to review the sentence for excessiveness because the Legislature had only provided a single penalty to be imposed following a conviction under La. R.S. 14:30.1 B.
The sentencing judge’s means of disposing of Mr. Pernell’s motion and his underlying reasoning — that he was without discretion to deviate d'ownward from the legislatively-mandated sentence — constituted legal error. Therefore, we will again remand this matter to the district court to conduct a hearing on Mr. Pernell’s motion to reconsider his sentence pursuant to the criteria established in Sepulvado, 367 So.2d 762, and Johnson, 97-1906; 709 So.2d 672. We next set forth in greater detail the law to be applied at this hearing.
“The separation of powers among the three branches of government is provided for in the 1974 Louisiana Constitution. ‘The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.’ ” State v. Dorthey, 623 So.2d 1276, 1278 (La.1993) (quoting La. Const, art. II, § 1). “[T]he determination and definition of acts which are punishable as crimes is purely a legislative function.... It is the Legislature’s prerogative to determine the length of the sentence imposed for crimes classified as felonies.” Id. See also Johnson, 97-1906, p. 5; 709 So.2d at 675. “[Penalties provided by the [Legislature reflect the degree to which the criminal conduct is an affront to society.” State v. *944 Hamdalla, 12-1413, p. 15 (La.App. 4 Cir. 10/2/13); 126 So.3d 619, 626 (citations omitted).
Pursuant to this authority, the Legislature enacted La. R.S. 14:30.1, prohibiting certain types of killings of other human beings, statutorily-labeled “second degree murders.” “The exclusive punishment authorized by the [ ¿Legislature upon conviction of second degree murder is ‘life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.’ ” Pernell, 13-0180, p. 15; 127 So.3d at 29 (citing La. R.S. 14:30.1 B). “[D]ue to the absence of any range whatsoever in the penalty provision for second degree murder, this is not a case where the [Legislature intends for a sentencing judge to exercise his discretion and impose a sentence which is gradated according to the individualized circumstances of the offense and the offender.” Id., 13-0180, pp. 15-16; 127 So.3d at 29 (citing Sepulvado, 367 So.2d at 766).
We emphasize that the Legislature’s determination of the appropriate sentence for certain offenses should be afforded great deference by the judiciary. See Johnson, 97-1906, p. 6; 709 So.2d at 676. In fact, a sentencing judge must always start with the presumption that the sentence supplied by a statute is constitutional. See, e.g., id., 97-1906, p. 7; 709 So.2d at 676. This does not mean, however, that the judiciary is without authority to act, because “[n]o sentence is per se constitutional.” State v. Conner, 09-1023, p. 4 (La.App. 4 Cir. 2/3/10); 30 So.3d 1132, 1134 (citing Salem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). “Louisiana’s judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness.” Dorthey, 623 So.2d at 1280. See also Johnson, 97-1906, p. 6; 709 So.2d at 676. “[C]ourts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, although it falls within the statutory limits provided by the Legislature.” Id.[1] “A punishment is constitutionally excessive if it makes no Immeasurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime.” Dorthey, 623 So.2d at 1280 (citations omitted).
A sentencing judge, when a defendant asserts a motion to reconsider his sentence, is compelled by the Louisiana constitution to determine whether that defendant rebutted the presumption of the constitutionality of the legislatively-mandated sentence by showing by clear and convincing evidence that “[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Johnson, 97-1906, p. 8; 709 So.2d at 676 (punctuation and citations omitted). See also Pernell, 13-0180, p. 16; 127 So.3d at 29. “Mere argument— unsupported by factual evidence — that a sentence is excessive is insufficient to carry the burden of proof.” Conner, 09-1023, p. 5; 30 So.3d at 1135.
*945 “The importance of a full evi-dentiary hearing in the district court on a claim of excessiveness can hardly be overstated.” Id., 09-1023, p. 5; 30 So.3d at 1135 n. 4. “The only opportunity for review of the sentencing decision is on direct appeal as there is no post-conviction review available on such claim.” Id. (citing State ex rel. Melinie v. State, 93-1380 (La.1/12/96); 665 So.2d 1172 (per curiam )). “Moreover, ... there is no post-conviction review available for ineffective assistance of counsel at sentencing claims.” Id. (citing State v. Thomas, 08-2912 (La.l0/16/09); 19 So.3d 466). Thus, as all other avenues of review are unavailable, a sentencing judge should permit a defendant to introduce evidence and substantiate his claim at the hearing on the motion, because, in the absence of evidence, there is nothing for this Court to review on appeal. See id., 09-1023, p. 5; 30 So.3d at 1135 (citing State v. Allen, 09-0813, p. 6 (La.App. 4 Cir. 1/13/10); 30 So.3d 1024, 1027).
Here, the sentencing judge was tasked “to explicitly determine whether the defendant’s situation is one of those rare and exceptional circumstances that would justify a downward departure from the legislatively mandated and presumptively constitutional sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.” Pernell, 13-0180, p. 16; 127 So.3d at 30. Rather than permitting Mr. Pernell to rebut this presumption by introducing evidence and adducing testimony, which Mr. Pernell’s counsel indicated he was prepared to do,[2] the sentencing judge summarily denied the motion to reconsider. As such, the sentencing judge failed to comply with our remand instructions that an evidentiary hearing be conducted on Mr. Pernell’s motion.
REMAND INSTRUCTIONS
We remand this matter to the district court and direct that it conduct an evidentiary hearing on the motion to reconsider sentence to determine whether Mr. Pernell’s sentence is constitutionally excessive under La. Const, art. I, § 20, specifically complying with the criteria set forth in Sepulvado, 367 So.2d 762 and Johnson, 97-1906; 709 So.2d 672. If the sentencing judge concludes that Mr. Per-nell’s sentence is constitutionally excessive, he must justify his reduction of sentence and “is not free to sentence the defendant to whatever sentence he feels is appropriate under the circumstances.” Lindsey, 99-3302, p. 5; 770 So.2d at 343. “Instead, the judge must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires a sentencing judge to articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution.” Johnson, 97-1906, pp. 8-9; 709 So.2d at 677. We again reserve the parties’ rights to appeal any adverse ruling by the district court on remand. See, e.g., Rainey, 09-1510, p. 5, 43 So.3d at 1093.
*946 DEOREE
The matter is remanded to the district court with instructions to conduct a full' evidentiary hearing on the defendant’s motion to reconsider his sentence, during which hearing the defendant shall be permitted to introduce evidence and adduce testimony. The right to appeal the ruling following the district court’s disposition of the motion is reserved unto the parties.
REMANDED WITH FURTHER INSTRUCTIONS.

. “The Louisiana Constitution differs from the Eighth Amendment to the U.S. Constitution in its explicit prohibition of excessive sentences. This 'deliberate inclusion by the redactors of the Constitution of a prohibition against excessive as well as cruel and unusual punishment broadened the duty of this court to review the sentencing aspects of criminal statutes.' ” Hamdalla, 12-1413, p. 14; 126 So.3d at 626 (quoting State v. Baxley, 94-2982, p. 4 (La.5/22/95); 656 So.2d 973, 977) (punctuation omitted).

. Mr. Pemell also asserts that his counsel’s failure at the hearing on remand to proffer the testimony of available witnesses constituted ineffective assistance of counsel in violation of the Sixth Amendment. We decline to review the merits of this assignment of error because we are remanding the matter again to the district court to conduct an evidentiary hearing. We do note, however, that counsel may always preserve for our review an alleged error excluding evidence by preferring that testimony or evidence excluded by the ruling. See State v. Magee, 11-0574, pp. 60-61 (La.9/28/12); 103 So.3d 285, 326-327. See also La. C.E. art. 103 A(2).