STATE of Louisiana

v.

Walter JOHNSON

NO. 2016–KA–0259

Court of Appeal of Louisiana,
Fourth Circuit.

DECEMBER 21, 2016

Leon A. Cannizzaro, Jr., District Attorney, Naomi Jones, Assistant District Attorney, Parish of Orleans, 619 South White Street, New Orleans, LA 70119, COUNSEL FOR APPELLEE/STATE OF LOUISIANA

Sherry Watters, Louisiana Appellate Project, P.O. Box 58769, New Orleans, LA 70158, COUNSEL FOR DEFENDANT/APPELLANT

(Court composed of Judge Paul A. Bonin, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

PAUL A. BONIN, JUDGE

Walter Johnson reached into a "bait-vehicle" and stole $15. The jury convicted him of simple burglary of a vehicle, a violation of La. R.S. 14:62. In due course, following Mr. Johnson's adjudication as a fourth felony offender under the provisions of La. R.S. 15:529.1A(3)(b), the district judge sentenced him to imprisonment for the remainder of his natural life, which is the statutorily mandated minimum sentence. His life sentence, as imposed, was without the benefit of parole, probation or suspension of sentence.

Mr. Johnson appeals his conviction on the sole ground that the trial judge refused to instruct the jury on the law of entrapment. Because there is nothing in the record, including the trial transcript, by which we can ascertain the content of any proposed special jury instruction or any deleted general instruction on "entrapment," we cannot properly review the claim on appeal. And, because we have identified no errors patent under La. C.Cr.P. art. 920(2) which would require reversal of his conviction, we affirm his conviction of simple burglary of a vehicle.

Mr. Johnson appeals his life sentence without benefit of parole, probation or suspension of sentence as excessive, violating our state's constitutional protection against such sentences under La. Const. art. 1, § 20. The sentencing judge found that none of Mr. Johnson's four felony convictions involved any violence. Because we find that the "hidden death penalty"[1] imposed in this case is unconscionable and shocks our sense of justice, and is thus excessive, we vacate the sentence as imposed. We remand this matter with instructions to the district judge to conduct an evidentiary hearing on Mr. Johnson's motion for downward departure from the statutory minimum sentence and to impose a sentence which is not, in the constitutional sense, excessive.

We turn now to explain our decision in considerably more detail.

---

1. See, e.g., State v. Jenkins, 14–1148, p. 4, n. 2 (La.App. 4 Cir. 5/6/15), 172 So.3d 27, 32; State v. Jones, 14–1118, p. 16 (La.App. 4 Cir. 4/1/15), 165 So.3d 217, 227.

## I

In this Part we describe the events which underlie Mr. Johnson's conviction for simple burglary of a vehicle.

According to police witnesses at the trial, one proactive police technique is the use of a "bait-vehicle" in high crime areas to capture vehicle burglars. Vehicle burglaries, according to Trooper Gustave Bethea of the Louisiana State Police, account for the proliferation of stolen guns on the street, the theft of prescription medications, and the enabling of identity theft from documents containing personal information.

₃A police task force situated a Jeep Cherokee vehicle on a street in Uptown New Orleans. The Jeep was outfitted with interior and exterior surveillance equipment. The Jeep's driver side window was left down and its doors unlocked. A $10 bill and a $5 bill, the serial numbers of which were recorded by police, as well as a laptop computer were situated in the vehicle such that any passer-by could easily observe the money and the device.

On the video surveillance tape, Walter Johnson is seen to be walking past the bait-vehicle and glances into it. He immediately reappears in the videotape and is seen snatching something from inside the Jeep. He then moves out of camera range.

Shortly thereafter, the police officers confronted him and located the same two bills on his person. The laptop was undisturbed in the vehicle.

## II

We first turn to Mr. Johnson's claim that the trial judge erroneously refused to read a proposed jury instruction on the law of entrapment.

For our purposes, "[s]imple burglary is the unauthorized entering of any ... vehicle ... with the intent to commit ... any theft therein...." La. R.S. 14:62 A. A "theft" is defined as "the misappropriation or taking of anything of value which belongs to another...without consent of the other...." La. R.S. 14:67.

Entrapment is a common-law created affirmative defense, and is generally comprised of two related elements: government inducement of the crime, and a ₄lack of predisposition on the part of the defendant to engage in the criminal conduct. *See Mathews v. U.S.*, 485 U.S. 58, 62–63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988).

Mr. Johnson requested that an entrapment instruction be read to the jury. And, according to the record before us, a written instruction was in the trial judge's possession before she decided to exclude it. The proposed instruction, however, is not included in the appellate record. Moreover, the instruction may be one of several variants of the entrapment defense applicable depending on the case; we do not know the specifics of the excluded instruction. *See, e.g.*, La. R.S. 14:20A (setting forth the various situations in which a homicide may be justifiable). Thus, notwithstanding the merits of Mr. Johnson's argument, we cannot review a claim that is not substantiated in the appellate record. *See generally* La. C.Cr.P. art. 920; *In re Helm*, 11–0500, pp. 5–6 (La.App. 4 Cir. 11/2/11), 84 So.3d 601, 605 ("Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.") (internal quotation marks and citation omitted). Accordingly, we do not reach the merits of Mr. Johnson's claim of an erroneously-excluded entrapment instruction.

## III

In this Part, we address the constitutionality of the life term imposed on Mr. Johnson without benefit of parole, probation, or suspension of sentence.

## A

Our state constitution prohibits any law that subjects an individual to "cruel, excessive, or unusual punishment." La. Const. art. 1, § 20. The Louisiana |₅Constitution differs from the Eighth Amendment to the U.S. Constitution in its explicit prohibition of excessive sentences. *Cf.* U.S. Const. Amend VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). This "deliberate inclusion by the redactors of the Constitution of a prohibition against 'excessive' as well as cruel and unusual punishment broadened the duty of this court to review the sentencing aspects of criminal statutes." *State v. Baxley*, 94–2982, p. 4 (La. 5/22/95), 656 So.2d 973, 977 (citing *State v. Goode*, 380 So.2d 1361, 1363 (La. 1980)).

■ A sentence is excessive and therefore unconstitutional if "it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." *See State v. Dorthey*, 623 So.2d 1276, 1280 (La. 1993) (internal citation omitted). Thus, even though an imposed sentence may be within the statutory sentencing range, and therefore "legal," it may still violate a defendant's constitutional right against excessive punishment. *See id.*, at 1280; *State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979). And, although we give great deference to the legislature's authority to determine the appropriate punishment for a crime, we emphasize that "no penalty is *per se* constitutional." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *see also State v. Pernell*, 14–0678, p. 4

(La.App. 4 Cir. 10/15/14), 151 So.3d 940, 944.

## |₆B

At the outset, we note that Mr. Johnson was sentenced under a provision of the Habitual Offender Statute that mandates a sentence of life imprisonment without benefit of parole, probation, or suspension of sentence as a fourth felony offender. *See* La. R.S. 15:529.1 A(4)(b). Thus, the sentence imposed on Mr. Johnson is "legal" in the sense that it falls within the statutory range. *See State v. Gibson*, 16–0132, pp. 8–9 (La.App. 4 Cir. 3/16/16), 192 So.3d 132, 137–38.

■ Despite its legality, however, we find the life-without-parole sentence imposed upon Mr. Johnson unconstitutionally excessive.[2] Mr. Johnson reached into the open window of a bait-vehicle and took fifteen dollars. He is now condemned to die in prison for that crime.

We acknowledge that Mr. Johnson's life sentence, under the habitual offender law, is intended as punishment not only the current conviction, but all prior convictions as well. *See State v. Johnson*, 97–1906, p. 7 (La. 3/4/98), 709 So.2d 672, 677. Legitimate sentencing goals notwithstanding, Mr. Johnson's status as a fourth felony offender "cannot be considered in the abstract." *Solem*, 463 U.S. at 296, 103 S.Ct. 3001. As previously noted, the trial judge found that all his prior felonies were for nonviolent crimes. *See id.*, at 297, 103 S.Ct. 3001; *see also Johnson*, 709 So.2d at 676. And the instant offense, the one which set in motion the habitual offender proceedings, is shockingly minor in nature. No person was harmed, nor any property damaged. |₇Had Mr. Johnson taken the fifteen dollars but not by entry into a vehicle or other struc-

**2.** Notably, the United States Supreme Court has stated that an unconstitutional sentence "is not just erroneous but contrary to law and, as a result void." *Montgomery v. Louisi-* *ana*, 577 U.S. ——, ——, 136 S.Ct. 718, 731, 193 L.Ed.2d 599 (2016). Thus, a sentence which is unconstitutionally excessive is also illegal.

ture listed in the simple burglary statute, he would have been convicted of misdemeanor theft. *See* La. R.S. 14:67B(4). Notably, the grades of theft are divided based on the amount misappropriated—the legislature set the *maximum* amount for misdemeanor theft at $750. The amount in this case is relevant—fifteen dollars is extraordinary in its triviality.

■ We do not deny that, as a recidivist, Mr. Johnson should face some form of punishment. The inquiry of whether a sentence is grossly disproportionate, however, focuses on whether "a person *deserves* such punishment, not simply on whether punishment would serve a utilitarian goal." *Rummel v. Estelle*, 445 U.S. 263, 288, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (emphasis added) (POWELL, J., dissenting). Although a life-without-parole sentence may well serve to deter recidivism, the immense severity of the punishment does not fit the crime(s) in this case.

"[L]ife without parole is the second most severe penalty permitted by law." *Graham v. Florida*, 560 U.S. 48, 69, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (internal quotation marks omitted) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). Only a sentence of death, which is not authorized in this case, exceeds it. *Cf.* La. R.S. 14:30C (providing for capital punishment in first degree murder convictions).[3] Thus, Mr. Johnson has received the harshest punishment possible for his crimes. And, even though he is not subject to capital punishment, his sentence is comparable in that it irrevocably forfeits his life, freedom, and any aspirations he had for the future. Indeed, "[l]ife in prison without the possibility of parole gives no chance for fulfillment outside prison walls, no chance for reconciliation with society, no hope." *Graham*, 560 U.S. at 79, 130 S.Ct. 2011.

Mr. Johnson is thirty-eight years old. He has three prior felonies: simple burglary in 1996, possession of heroin in 2001, and distribution of cocaine in 2008. Notably, the provision under which Mr. Johnson was sentenced subjected him to the same sentence as repeat violent offenders and sexual predators, despite his history of non-violence. The life-without-parole sentence imposed on him forgoes any possibility for redemption, and means that any character improvement or good behavior on his part is immaterial; he has been determined to be irredeemably and irreparably corrupt. And, barring the remote possibility of executive clemency, Mr. Johnson will spend the rest of his days in prison. *See Solem*, 463 U.S. at 303, 103 S.Ct. 3001 ("Recognition of [the] bare possibility of commutation would make judicial review under the Eighth Amendment meaningless.").

We cannot condone a sentence which condemns Mr. Johnson to a life—and inevitable death—within prison walls, in light of his non-violent criminal history and the extraordinarily minor crime in this case.[4]

3. The United States Supreme Court has recognized that "defendants who do not kill, intend to kill, or foresee that life will be taken are categorically less deserving of the most serious forms of punishment than are murderers." *Graham v. Florida*, 560 U.S. 48, 69, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010)(citations omitted).

4. Indeed, Louisiana courts have recognized that some sentences imposed legally under the state's Habitual Offender Statute are nevertheless unconstitutional. *See, e.g., State v.*

*Mosby*, 14–2704, p. 1 (La. 11/20/15), 180 So.3d 1274, 1274 (thirty-year sentence for seventy-two-year old nonviolent offender is "unconscionable."); *State v. Dorthey*, 623 So.2d 1276, 1280 (La. 1993) (twenty years for non-violent habitual offender may be excessive); *State v. Ladd*, 15–0772, p. 16 (La.App. 4 Cir. 4/13/16), 192 So.3d 235, 244 (seventeen-year sentence excessive for defendant with history of drug possession convictions); *State v. Combs*, 02–1920, p. 6 (La.App. 4 Cir. 5/21/03), 848 So.2d 672, 675 (life sentence excessive for defendant with history of non-

We thus vacate the life-without-parole sentence imposed on this defendant and remand for resentencing.

## REMAND INSTRUCTIONS

When confronted with a sentence, such as this one, that violates the constitution, the trial judge has not only the option, but the *duty* to reduce the sentence to one which would not be unconstitutionally excessive. *See Dorthey*, 623 So.2d at 1280–81.

Before resentencing Mr. Johnson, the trial judge is to order a pre-sentence investigation and thereafter conduct a thorough evidentiary hearing, neither of which were done in this case. *See Pernell*, at p. 5, 151 So.3d at 945 ("The importance of a *full* evidentiary hearing in the district court on a claim of excessiveness can hardly be overstated.") (emphasis added); *see also* La. C.Cr.P. art. 875; *Ladd*, 15–0772, p. 8, 192 So.3d at 244 ("Without a PSI, the defendant's mitigating circumstances will never be known."); *State v. Ellis*, 14–1170, p. 30 (La.App. 4 Cir. 3/2/16), 190 So.3d 354, 373 (A PSI report "can be critical to the defendant and to the very integrity of the judicial system.") (quoting *State v. Lockwood*, 439 So.2d 394, 397 (La. 1983)).

Thereafter, the trial judge is ordered to resentence Mr. Johnson to a term that is not unconstitutionally excessive. The sentence must be meaningfully tailored to Mr. Johnson's culpability, the gravity of the instant and prior offenses, and the circumstances of the case. *See State v. Young*, 94–1636, pp. 5–6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 529. When imposing the sentence, the trial judge is to bear in mind that a punishment's *proportionality* to the crime committed is an essential tenet of a constitutional sentence.

## DECREE

The conviction of Walter Johnson for simple burglary of a vehicle is affirmed. The life-without-parole sentence imposed on Mr. Johnson as a fourth felony offender is vacated and the case remanded for resentencing in accordance with this opinion. The right to thereafter appeal the sentence is reserved unto Mr. Johnson.

**CONVICTION AFFIRMED; LIFE SENTENCE VACATED; REMANDED**

LOBRANO, J., CONCURS IN PART; DISSENTS IN PART; AND ASSIGNS REASONS

I respectfully concur in the result of the majority's affirmation of Defendant's conviction. However, I respectfully dissent from the majority's finding that Defendant's mandatory life sentence without the benefit of probation, parole, or suspension of sentence under La. R.S. 15:529.1(A)(4)(b) (a quadruple offender mandatory life sentence) is *per se* excessive. I would remand the case for an adequate downward departure hearing. Then, if the Defendant meets his burden of establishing that he is exceptional, I would order the district court to resentence Defendant to the longest sentence that would not be unconstitutionally excessive.

"Legislation is a solemn expression of legislative will." La. C.C. art. 2. As the solemn expression of the legislative will, if an enactment provides a solution to a particular situation, then no jurisprudence, equity, or doctrine prevails over legislation. *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, 2011–2835, p. 12 (La. 11/2/12), 125 So.3d 1057–1064. Further, a "sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offend-

---

violent offenses); *State v. Burns*, 97–1553 (La. App. 4 Cir. 11/10/98), 723 So.2d 1013, 1019 (twenty-five-year old defendant sentenced to life as fourth felony offender is "young enough to overcome his addiction" and has "the possibility of a productive future.").

er Law is constitutional." *State v. Johnson,* 97–1906 (La.1998), 709 So.2d 672, 676 (internal citations omitted).

|₂While the majority is correct that a sentence's legality does not ensure its constitutionality, in the face of such a clear expression of legislative will, I find it is not proper to undo the consequences of La. R.S. 15:529.1 given the record before this Court. As the majority makes clear, the record needs development, and without knowledge of what that development may reveal, I cannot determine that Defendant should receive a downward departure.

As I wrote in *State v. Ellis,* 2014–1170, p. 25 (La. App. 4 Cir. 3/2/16), 190 So.3d 354, 370, our task when reviewing sentences for excessiveness begins with a determination that the district court considered the sentencing criteria set forth in La. C.Cr.P. art. 894.1.¹ Only after a determination that the district court considered the La. C.Cr.P. art. 894.1. factors, or that the sentence is "fully supported" by the record, should we determine whether the punishment imposed violates La. Const. art. I, § 20. *Id., see also State v. Burns,* 97–1553, (La. App. 4 Cir. 11/10/98), 723 So.2d 1013, 1018 ("In reviewing a sentence for excessiveness, the appellate court must first determine whether the trial court complied with La. C.Cr.P. art. 894.1 when it imposed the sentence and then determine whether the sentence is too sever given the circumstances of the case and the defendant's background."). This ensures that due consideration is given to the

record in its entirety when taking the extreme step of determining that a legislatively mandated sentence is unconstitutional. When the district court fails to hold a full and meaningful hearing on Defendant's motion for downward departure, and the record is too insufficiently developed, this Court cannot determine whether a downward departure is |₃warranted. *State v. Dowell,* 2016–0371, p. 5 (La. App. 4 Cir. 8/10/16), 198 So.3d 243, 249–250 (citing *Ellis,* 2014–1170 at p. 37, 190 So.3d at 378).

This two part test serves a dual purpose. First, it ensures that defendants have the opportunity to present all evidence they desire this Court to consider before this Court binds itself to a determination that a sentence is excessive or not. Secondly, it ensures that society is protected from the possibility that an appellate court, operating based on a cold and incomplete record, will release or reduce the sentence of a proven recidivist without knowledge of important facts that may affect the safety of the community.

I find that the majority failed to follow the jurisprudence of this Court in *State v. Ellis* and *State v. Dowell* by determining Defendant is entitled to a downward departure based on what it admits is an incomplete record. Because this Court is unable to make a determination that the district court adequately considered the sentencing criteria set forth in La. C.Cr.P. art. 894.1 or that the sentence is fully supported by the record, I would remand the case for an adequate downward depar-

---

1. It should be noted that when sentencing a defendant under La. R.S. 15:529.1, consideration of the La. C.Cr.P. art. 894.1 sentencing factors is not normally required. It is the filing of a downward departure motion that triggers the consideration of these factors for a multiple offender. This distinction comes not from the text of La. C.Cr.P. art. 894.1 itself, but has been judicially adopted. *See State v. Mosby,* 2014–2704, p. 2 (La. 11/20/15), 180 So.3d 1274 (citing La. C.Cr.P.

art. 894.1 when remanding a case for resentencing after a determination of excessiveness). *See also State v. Burns,* 97–1553, (La. App. 4 Cir. 11/10/98), 723 So.2d 1013, 1018; *Ellis,* 2014–1170 at p. 39, 190 So.3d at 378 (finding that after a downward departure motion, the La. C.Cr.P. art. 894.1 factors should be considered); *State v. Dowell,* 2016–0371, p. 5 (La. App. 4 Cir. 8/10/16), 198 So.3d 243, 249–250.

ture hearing, including a pre-sentencing investigation, and instruct the district court to consider the factors set forth in La. C.Cr.P. art. 894.1. In determining whether Defendant is "exceptional" so as to warrant a downward departure, the district court should view the evidence with due consideration for the "heightened scrutiny" required when considering whether to impose a life sentence upon Defendant. *Ellis*, 2014–1170 at p. 28, 190 So.3d at 372. If Defendant meets his burden of establishing that he is "exceptional," the district court should resentence Defendant to the "longest sentence that would not be constitutionally excessive and should state for the record its considerations in sentencing and the factual basis therefore." *Id.*, 2014–1170 at p. 39, 190 So.3d at 378.