## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 1363

STATE OF LOUISIANA

VERSUS

DERRICK ODOMES

Consolidated with

2023 KA 1364

STATE OF LOUISIANA

VERSUS

DERRICK ODOMES

NOV 27 2024

Judgment Rendered: _____

* * * * *

On Appeal from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
No. 482946 c/w 498015

The Honorable Rebecca N. Robichaux, Judge Presiding

* * * * *

Mary Constance Hanes
Louisiana Appellate Project
New Orleans, LA

Attorney for Defendant/Appellant
Derrick Odomes

Kristine Russell
District Attorney
Joseph S. Soignet
Jason Chatagnier
Assistant District Attorneys
Thibodaux, Louisiana

Attorneys for Appellee
State of Louisiana

* * * * *

**BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.**

Guidry, C.J. Concurs with reasons.

**STROMBERG, J.**

The defendant, Derrick Odomes,[1] was charged by bill of information with intimidating a witness, in violation of La. R.S. 14:129.1(C)(4). He pled not guilty and, following a jury trial, was convicted as charged. The trial court sentenced the defendant to five years imprisonment at hard labor, and this court affirmed his conviction and sentence on appeal. **State v. Odoms**, 2011-1356 (La. App. 1 Cir. 2/10/12), 2012 WL 602407 (unpublished), writ denied, 2012-0582 (La. 9/12/12), 98 So.3d 820. Meanwhile, after the defendant was convicted, the State filed a habitual offender bill of information, and the trial court adjudicated the defendant a fourth-felony offender, vacated the prior sentence, and sentenced him to life imprisonment at hard labor without the benefit of probation or suspension of sentence.[2] The defendant later filed a pro se application for post-conviction relief and a counseled supplement to his pro se application, wherein he sought an out-of-time appeal, which the trial court granted.[3] The defendant now appeals, assigning error to the excessiveness of his sentence. For the following reasons, we affirm his habitual offender adjudication and sentence.[4]

---

[1] While the original bill of information and habitual offender bill of information use "Odoms" as the defendant's last name, the trial court clarified on the record that the correct spelling of the defendant's last name is "Odomes."

[2] We note the minutes and commitment order reflect the sentence was imposed without the benefit of probation or suspension of sentence, though the transcript is silent as to the benefits restriction. Any sentence imposed under the habitual offender statute shall be at hard labor without the benefit of probation or suspension of sentence. See La. R.S. 15:529.1(G). Pursuant to La. R.S. 15:301.1, the defendant's habitual offender sentence is deemed to contain the benefits restriction by operation of law. See **State v. Williams**, 2000-1725 (La. 11/28/01), 800 So.2d 790, 799; **State v. Passow**, 2013-0341 (La. App. 1st Cir. 11/1/13), 136 So.3d 12, 15.

[3] There was substantial delay between the initial filing of the pro se application for post-conviction relief and the trial court's ruling granting the defendant an out-of-time appeal of his sentence. The remaining claims in the defendant's application for post-conviction relief were denied by the trial court, and on supervisory review, this court denied his writ application on the showing made. **State v. Odomes**, 2023-1155 (La. App. 1st Cir. 1/29/24), 2024 WL 322083 (unpublished).

[4] Judge John E. LeBlanc, now retired, adjudicated and sentenced the defendant as a habitual offender. Judge Rebecca N. Robichaux, Judge LeBlanc's successor, granted the defendant's out-of-time appeal.

# FACTS

This court set forth the pertinent facts in the defendant's prior appeal as follows:

> At trial, the state and defense stipulated that Deputy Haley Burkett of the Lafourche Parish Sheriff's Office was a witness to a pending obscenity charge against defendant. Deputy Burkett testified that on March 15, 2010, she was working as a corrections officer for the sheriff's office when she came into contact with defendant while serving dinner on his cell block. Deputy Burkett was confronted by defendant, who said that he wanted to speak with her about the obscenity charge she previously had filed against him. Deputy Burkett informed defendant that she could not speak to him at that time. Defendant persisted, asking Deputy Burkett what she had seen that made her accuse him of obscenity. Deputy Burkett repeated that she would not speak with him about the matter. Deputy Burkett testified that defendant became very angry at that point and called her a "bitch," "stupid," and told her to "get off the block or [she] was gonna see another dick." As Deputy Burkett began to leave the cell block, defendant moved closer to the bars of his cell and he told her, "The charges aren't going to stick. I'm gonna get out. I'll get you, girl." Deputy Burkett stated that defendant's remarks made her feel nervous and scared. After meeting with her supervisor about the incident, Deputy Burkett filed a formal report alleging that defendant had committed the offense of intimidation of a witness. On cross-examination, Deputy Burkett admitted that defendant never specifically told her not to go to court.
>
> Deputy Burkett was the only witness to testify at defendant's trial. After deliberating, the jury returned a unanimous verdict finding defendant guilty of intimidating a witness.

**Odoms**, 2012 WL 602407 at *1 (citations omitted).

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant asserts his life sentence for intimidation of a witness as a fourth-felony offender is excessive under the circumstances.

The trial court adjudicated the defendant a fourth-felony offender and imposed a sentence of life imprisonment at hard labor without the benefit of probation or suspension of sentence.[5] The defendant faced a sentencing range of

---

[5] A defendant must be sentenced under the version of La. R.S. 15:529.1 in effect at the time of the commission of the instant offense. See La. R.S. 15:529.1(K); **State v. Parker**, 2003-0924 (La. 4/14/04), 871 So.2d 317, 326-27.

3

twenty years to life imprisonment; thus, he received the maximum sentence. See La.

R.S. 15:529.1(A)(1)(c)(i) (2010 version).[6]

A thorough review of the record reveals the defendant did not orally move for reconsideration of his maximum sentence at the time of sentencing, nor did he file a written motion to reconsider the sentence.[7]

Louisiana Code of Criminal Procedure article 881.1 provides, in pertinent part:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

One purpose of the motion to reconsider sentence is to allow the defendant to raise any errors that may have occurred in sentencing while the district court still has jurisdiction to change or correct the sentence. **State v. Emerson**, 2004-0156 (La. App. 1 Cir. 10/29/04), 888 So.2d 975, 979, writ denied, 2005-0089 (La. 4/22/05),

---

[6] Louisiana Revised Statutes 15:529.1(A)(1) stated, in pertinent part:

> (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
>
> (i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life
> ....

[7] The defendant claimed trial counsel's failure to object to his habitual offender sentence resulted in ineffective assistance of counsel in his application for post-conviction relief. However, he does not argue ineffective assistance of counsel at sentencing in his appellate brief.

4

899 So.2d 557. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing. **State v. Mims**, 619 So.2d 1059, 1059 (La. 1993) (per curiam).

The thirty-day deadline provided by La. Code Crim. P. art. 881.1(A)(1) prohibits a trial court from reconsidering a defendant's sentence once the deadline has passed. An out-of-time motion to reconsider sentence is not contemplated by the Code of Criminal Procedure nor allowed by the jurisprudence. **State v. Ybarzabal**, 2018-0555 (La. App. 1 Cir. 2/25/19), 2019 WL 926891, *4 (unpublished). Likewise, a motion for appeal is not a substitute for a timely motion to reconsider sentence and does not satisfy the requirements of La. Code Crim. P. art. 881.1. **Ybarzabal**, 2019 WL 926891 at *4.

Under La. Code Crim. P. arts. 881.1(E) and 881.2(A)(1),[8] the failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider may be based shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. **Ybarzabal**, 2019 WL 926891 at *4; **State v. Ferguson**, 2015-0427 (La. App. 1 Cir. 9/18/15), 181 So.3d 120, 136-37, writ denied, 2015-1919 (La. 11/18/16), 210 So.3d 282. Thus, the defendant's failure to urge a claim of excessiveness or any other specific ground for reconsideration of the sentence by oral or written motion at the trial court level precludes our review of his claim of sentence excessiveness. **Ybarzabal**, 2019 WL 926891 at *4; **State v. Campbell**, 2016-1349 (La. App. 1 Cir. 4/12/17), 217 So.3d 1197, 1198. Accordingly, we find review of this assignment of error is procedurally

---

[8] Louisiana Code of Criminal Procedure article 881.2(A)(1) provides the "defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence" and "also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions."

barred. <u>See</u> **State v. Smith**, 2022-0231 (La. App. 1st Cir. 11/4/22), 354 So.3d 697, 703.

## CONCLUSION

For the above and foregoing reasons, we affirm the defendant's habitual offender adjudication and sentence.

**HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPPEAL

FIRST CIRCUIT

NUMBER 2023 KA 1363

STATE OF LOUISIANA

VERSUS

DERRICK ODOMES

*consolidated with*

NUMBER 2023 KA 1364

STATE OF LOUISIANA

VERSUS

DERRICK ODOMES

**GUIDRY, C.J., concurs and assigns reasons.**

**GUIDRY, C.J., concurring.**

Considering the nature of the defendant's prior offenses and the sentencing range of 20 years to life imprisonment to which the defendant was exposed, I find the sentence imposed of life imprisonment to clearly be excessive. See State v. Johnson, 16-0259 (La. App. 4th Cir. 12/21/16), 207 So. 3d 1101, writ denied, 17-0119 (La. 2/2/18), 233 So. 3d 616 (finding that despite being statutorily mandated, the defendant's life sentence for simple burglary of $15 from a vehicle was excessive). The majority opinion properly does not reach the issue as defense counsel failed to challenge the sentence as excessive, and therefore, failed to preserve the issue for appellate review. See La. C. Cr. P. art. 881.1(E). However, as there remains an avenue by which the defendant may still seek relief, and indeed, the record before us reveals that the defendant has challenged the effectiveness of counsel's representation by means of postconviction relief, I concur.

1