PER CURIAM.*
hOn February 24, 1986, defendant Anthony Johnson was convicted of the second degree murder of Angela Bond. After several failed attempts at postconviction relief in the state and federal courts in the intervening years, in 2004, defendant filed an application for post-conviction relief in the Twenty-Second Judicial District Court, Parish of Washington. In this most recent application, defendant raised two primary claims.
First, defendant sought relief under La. C. Cr. P. art. 930.3(7), through which a petitioner is entitled to a new trial when the “results of DNA testing performed pursuant to an application granted under [La. C. Cr. P.] Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.” La. C. Cr. P. arts. 926.1 & 930.3(7). Second, defendant asserted that he was entitled to a new trial because the State suppressed multiple items of favorable evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Moreover, at first in conjunction with, and then in the alternative to, his Brady claims, defendant *877 also argued that he was denied his right to effective assistance of counsel. Finally, in addition to these primary claims, defendant also asserted that he was | gentitled to relief because (1) the trial court denied his defense motion to test the physical evidence, in violation of his due process and confrontation rights; (2) the State introduced evidence of defendant’s bad acts without a hearing, in violation of his due process rights; (3) race and gender discrimination affected the selection of the grand jury foreperson and the existence of other indictment-related irregularities render the indictment and conviction invalid; and (4) defendant is actually innocent and was therefore being held in violation of the United States and Louisiana constitutions.[1]
The trial court subsequently held a hearing on defendant’s application for postconviction relief in November, 2006. Thereafter, on February 21, 2007, the trial court granted defendant a new trial based on both his DNA and Brady claims. Based on the nature of circumstantial evidence upon which defendant’s conviction rested, recently-produced DNA evidence excluding defendant as the source of genetic material found underneath the victim’s fingernails and expert testimony regarding the likelihood of DNA transfer in a struggle and the implausibility of such transfer through casual contact, the trial court found that defendant had proven by clear and convincing evidence that he was factually innocent of the murder of Angela Bond as required by La. C. Cr. P. art. 930.3(7). The trial court also found that numerous statements regarding Matthew Brown — who defendant strongly alleges to be the actual perpetrator of the crime for which he was found guilty — and other possible perpetrators were never disclosed to defendant or his trial counsel, despite several requests, in violation of Brady.
In response, the State appealed the trial court’s ruling regarding the DNA claim. In addition, complaining that it had not had adequate time to brief the Brady laissues, the State requested a reconsideration of the trial court’s ruling regarding defendant’s Brady claims, as well as a stay halting the execution of the trial court’s decision pending the outcome of the motion. The trial court declined to stay its judgment insofar as it applied to its grant of relief for the DNA claim. However, the trial court granted the State’s motion regarding the Brady violations, and set the matter for a reconsideration hearing on May 9, 2007. The First Circuit Court of Appeal subsequently ruled on the DNA issue in October, 2007, and this court granted writs of certiorari shortly thereafter.
During the course of this court’s review of this case, it was discovered that, while the trial court originally set the re-hearing for the Brady claims for May, 2007, this hearing was not ultimately held until May, 2008, at which time the trial court received the depositions of the prosecutors and defense counsel from the original trial and heard limited testimony regarding the issues. After this hearing, the trial court issued no new judgment regarding defendant’s Brady claims and the record in this case suggests that the trial court has refrained from re-ruling on those claims in light of the pending DNA claim in this court.
Having reviewed the record in great depth, we have determined that the trial court’s withholding of its Brady ruling — or rather its withholding of its ruling on the merits of the State’s motion for reconsider *878 ation of its initial Brady ruling — hinders our ability to adequately address this case. But for the State’s motion to reconsider the trial court’s original determination regarding the Brady claims, this court would not be forced to address this case in a piecemeal fashion. As such, this court will retain jurisdiction of the DNA claim, but will remand this case to the trial court to address defendant’s Brady claims and, in the alternative, defendant’s claims to ineffective assistance of counsel, so that the divided claims in this case may be once again |4rejoined in a single, coherent action. The trial court is therefore hereby ordered to render a decision on defendant’s Brady claims and, in the alternative, defendant’s claims to ineffective assistance of counsel, in an expeditious manner. If the trial court finds that further hearings are necessary, it may hold them promptly. In addition, the parties are directed to seek any review of the trial court’s decision directly in this court as part of the pending matter already before this court pursuant to our plenary supervisory jurisdiction over all other courts. La. Const, art. V, § 5(A).
JURISDICTION RETAINED; REMANDED in PART.
JOHNSON, KNOLL and WEIMER, JJ., concur.

 Calogero, C.J., retired, recused. Chief Justice Calogero recused himself after oral argument and he has not participated in the deliberation of this case. Traylor, J., retired. Justice Traylor retired after oral argument and he has not participated in the deliberation of this case following his date of retirement, May 31, 2009.

. After it granted defendant a new trial, the trial court released defendant from jail on bail pending the outcome of the State’s appeals.