PER CURIAM.*
|, On February 24, 1986, Anthony Johnson was convicted of the second degree murder of Angela Bond. In 2004, defendant filed an application for post-conviction relief in the Twenty-Second Judicial District Court in Washington Parish. Defendant alleged two primary claims. First, defendant alleged that he was entitled to a new trial under La.C.Cr.P. art. 930.3(7), which provides for relief if “results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.” Defendant also asserted that he was entitled to a new trial on the basis that the State suppressed multiple items of exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
On February 21, 2007, the trial court granted defendant a new trial based on both the DNA claim and the Brady claims. The State appealed the DNA ruling to the First Circuit Court of Appeal and requested a reconsideration of the trial court’s ruling on the Brady claims, based upon the State’s claim of inadequate time to brief the issues. In October of 2007, the First Circuit Court of Appeal reversed the trial court’s grant of a new trial, and this court granted certiorari thereafter. State v. *1269 Anthony Johnson, 07-2034 (La.6/6/08), 983 So.2d 907. During the course of this court's review, the trial court held the rehearing on the Brady claims in open court on May 14, 2008. After this hearing, the trial court issued no new judgment regarding the defendant’s Brady claims, and the record in this case suggests that the trial court refrained from re-ruling on those claims due to the pending DNA claim in this court.
Thereafter, on June 26, 2009, this court issued a per curiam opinion, ordering the trial court to rule on defendant’s Brady and ineffective assistance of counsel claims, while this court retained jurisdiction over the defendant’s DNA claim. State v. Anthony Johnson, 07-2034 (La.6/26/09), - So.3d -, 2009 WL 2136375. Pursuant to this court’s order, the trial court rendered its judgment on July 22, 2009, granting the defendant a new trial pursuant to La.C.Cr.P. art. 930.3(1). After a review of the evidence, the trial court held “that the failure to disclose the exculpatory and impeachment evidence directly impacted the fundamental fairness of the proceedings in such a material way that had it been disclosed prior to trial, there is a reasonable probability of the defendant’s acquittal.”
The trial court therefore granted defendant’s post-conviction relief, set aside his guilty verdict, and ordered a new trial, based on the defendant’s Brady claims. The State then appealed the trial court’s July 22, 2009 judgment to this court, as directed by the per curiam. After review of the trial court’s reasons for judgment, we deny the State’s writ in application 09-OK-1920 this date.
Due to the trial court’s July 22, 2009, ruling granting the relief sought by defendant, and this court’s denial of the State’s writ application concerning that ruling, this court need not consider the DNA claim raised by the defendant in his initial writ application, as it is moot. We preter-mit any discussion of defendant’s DNA claim, in light of the trial court’s July 22, 2009, judgment granting the ^defendant a new trial based upon his Brady claim. As such, this court expresses no opinion concerning the efficacy of the DNA claims of the defendant or the action of the Louisiana First Circuit Court of Appeal.
DENIED.
JOHNSON, J., concurs.
VICTORY, J., dissents and assigns reasons.

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice Pro Tern-pore, participating in the decision.