PER CURIAM.
|! This direct appeal was taken following the conviction of defendant on one count of first degree murder and a jury’s return of a sentence of death. Among defendant’s assignments of error are claims that the defendant was represented at trial by counsel laboring under conflicts of interest. Namely, in three assignments of error defendant urges that the “[simultaneous representation of three co-defendants by the director of and employees of the 18th Judicial District Indigent Defender created an actual conflict of interest,” and “Mr. D’Aquila’s role as Chief Defender representing all of the men facing the death penalty in this case created an actual conflict of interest in his role as Mr. Garcia’s lawyer,” and “[t]he simultaneous representation of co-defendants by attorneys in the 18th Judicial District Indigent Defender [sic] violated Mr. Garcia’s right to counsel.”
To adequately address these assignments of error, and having reviewed the record in great depth, this court determines that it is necessary to evaluate how the attorneys may be associated with the Public Defender’s Office of the Eighteenth Judicial District. To that end, we remand this matter to the trial court for a hearing to determine the employment status of the attorneys representing the three defendants implicated in the death of Matthew Millican, and specifically to determine whether 12the attorneys representing those defendants were employees of the Eighteenth Judicial District’s Public Defender’s Office.
The trial court is hereby ordered to make a determination in an expeditious manner as to whether each attorney representing those defendants was an employee of the Public Defender’s Office of the Eighteenth Judicial District and to recite the factual basis for each determination. Jurisdiction over all assignments of error is retained by this court pursuant to our plenary supervisory jurisdiction over all other courts and the parties are directed to seek any review of the trial court’s *1151 determinations directly in this court. La. Const, art. V, § 5(A). See also State v. Johnson, 2007-2034 (La.6/26/09), 23 So.3d 876.
JURISDICTION RETAINED; REMANDED IN PART.
KNOLL, J., dissents and assigns reasons.