WILLIAMS, J.
17 The defendant, Joe Nathan Smith, was charged by grand jury indictment with three counts of second degree murder, violations of LSA-R.S. 14:30.1. Pursuant to a plea agreement, the state reduced the charges and defendant pled guilty to three counts of manslaughter, violations of LSA-R.S. 14:31. Additionally, the state agreed to a sentencing cap of 30 years on each count, with the sentences to run concurrently. The district court sentenced defendant to serve concurrent sentences of 30 years at hard labor on each count. The sentence for one count was imposed without benefit of probation or suspension of sentence because the victim was under ten years of age. The defendant appeals his sentences as excessive, arguing that this court should review his sentences, even though they were imposed in conformity with the plea agreement. For the following reasons, we affirm.
FACTS
On October 14, 2008, at approximately 3:00 a.m., the defendant and five others went to the Bonair Street home of Linda Christmas and poured gasoline on her vehicle, which was parked under a wooden carport attached to her house. After the gasoline was ignited, the fire spread from the vehicle to the house, where the owner and six others were asleep. As a result of the fire, the -victims, Tiffany Davis (age 19), Derrick Davis (age 17), and Devon Christmas (age 4), were overcome by smoke and died in a back bedroom.
The defendant was arrested and charged with three counts of second degree murder. After the trial began, the state and the defendant reached a plea agreement, which provided that the charges would be reduced to three |2counts of manslaughter in exchange for the defendant’s guilty plea. The state also agreed to a sentencing cap of 30 years for each count, with the sentences to run concurrently. The trial court advised defendant of his rights under Boykin v. Alabama, *630 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and defendant stated he understood that by pleading guilty, he would be giving up these constitutional rights. The court then continued:
Court: Is there anything I’ve discussed with you that you don’t understand?
Smith: No, sir.
Court: Okay. Okay. Do you also — and also understand that since you’re entering into a sentence with a plea with a cap you won’t be allowed or may not be allowed to appeal or seek review of the length or severity of that sentence? Okay? You understand that?
Smith: Yes.
The trial court accepted the defendant’s guilty pleas to three counts of manslaughter. The trial court sentenced defendant to serve 30 years on each count, with the sentences to run concurrently. The sentence for one count was imposed without benefit of probation or suspension of sentence because the victim was under age ten. The defendant’s motion to reconsider sentence was denied and this appeal followed.
DISCUSSION
Although the defendant’s sentence was imposed in conformity with the plea agreement and sentencing cap, he argues that he should be able to appeal the excessiveness of his sentence because of the trial court’s reference to the possibility of an appeal during the plea colloquy. Under our 1 ¡jConstitution, no person shall be subjected to imprisonment without the right of judicial review based upon a complete record of all evidence on which the judgment is based. This right may be intelligently waived. La. Const. Art. 1, § 19.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2). This provision applies to both agreed-upon sentences and sentencing ceilings, ranges and caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Foster, 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214.
In Foster, supra, the district court told Foster during the plea colloquy that by pleading guilty, he was waiving his right to appeal “except as to the .amount of the sentence!.]” Considering that statement, this court, sitting en banc, found that Foster did not intelligently waive his constitutional right of review and held that a sentence made in conformity with a plea agreement could be reviewed if the record showed the defendant did not contemplate that by pleading guilty he was waiving his right to appeal his sentence for excessiveness.
Subsequently, in State v. Fizer, 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243, this court held that the sentence imposed within the agreed cap was not reviewable, even though at sentencing the court had informed Fizer of the time limitations for appeal. We reasoned that because the trial court did not mention any appeal rights during the plea colloquy, the defendant’s plea was not influenced by a belief that he could later seek review of his 14sentence. In another case, State v. Pullig, 44,606 (La.App.2d Cir.9/23/09), 22 So.3d 1043, the trial court advised Pullig after sentencing of the time limits for filing an appeal. Noting that the court did not inform Pullig of a right to appeal during the plea colloquy and that the defendant had not reserved his right to seek review of his sentence at that time, this court found that the trial court’s notice did not affect the voluntariness of Pullas guilty plea and so he was precluded from seeking review of the sentence made in conformity with the plea agreement.
*631 The situation in this case can be distinguished from that of the Fizer and Pullig cases, in which the courts did not mention any appeal rights during the plea colloquy. The present situation is more similar to that of the Foster case, in that during the plea colloquy, the district court addressed the defendant’s ability to appeal the length of the sentence to be imposed. In light of the conditional language used by the court regarding a possible appeal, the defendant may not have contemplated that by pleading guilty he was waiving his right to appeal his sentence as excessive. Thus, there is a potential question as to whether the trial court’s advice affected the volun-tariness of defendant’s plea. Therefore, consistent with this court’s decision in Foster, we shall review the sentences for ex-cessiveness.

Sentencing

The defendant contends the trial court erred in imposing excessive sentences. Defendant argues that less harsh sentences would accomplish the goals of punishment and rehabilitation.
An appellate court utilizes a two-pronged test in reviewing a sentence | Bfor excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. A defendant’s lack of remorse is a proper sentencing consideration. State v. Birch, 43,119 (La.App.2d Cir.3/19/08), 979 So.2d 643. The penalty for committing manslaughter is imprisonment at hard labor for a maximum of 40 years. However, if the victim killed was under age 10, then |fithe sentencing range is 10 to 40 years’ imprisonment at hard labor without benefit of probation or suspension of sentence. LSA-R.S. 14:31(B).
Prior to imposing sentencing, the trial court reviewed a presentence investigation (PSI) report, which included a lengthy statement of the circumstances of the crime and showed that defendant did not have any prior convictions. In considering the guidelines of Article 894.1, the court found that there was an undue risk the defendant would commit another crime if not incarcerated, that the defendant was in need of correctional treatment that could be provided most effectively by his commitment to an institution and that a lesser sentence would deprecate the seriousness of his crimes.
Regarding the defendant’s social history, the court was aware that defendant was 23 years old and unmarried at the time of sentencing, that he had attended special education classes in school and had received a high school equivalency certifl- *632 cate. The trial court found defendant’s young age, absence of prior criminal convictions, and his mental capacity to be mitigating factors.
As aggravating factors, the court found that defendant’s participation in a planned arson of a vehicle outside an inhabited home at 3:00 a.m. constituted deliberate cruelty to the victims, that defendant knowingly created a risk of death or great bodily harm to more than one person, that defendant did not show any remorse about his role in causing the death of three people and that the offense resulted in significant permanent injury and economic loss to the victims and their families. In addition, the court |7noted that defendant had obtained a significant reduction in exposure to confinement through the plea bargain.
The record demonstrates that the trial court took cognizance of the sentencing guidelines and tailored the sentences imposed to this specific defendant. Based upon the circumstances of this case, where the defendant participated in setting fire to the property with the inhabitants asleep inside and caused the loss of three young lives, the trial court did not abuse its discretion in imposing these concurrent 30-year sentences, which do not shock the sense of justice. Thus, we cannot say the sentences imposed are constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.