PER CURIAM.
|!Writ granted in part. Defendant was convicted of possession of cocaine based on the presence of residue in a glass pipe and adjudicated as a second felony offender. The district court sentenced him to serve 10 years imprisonment at hard labor, the maximum term of imprisonment authorized by the pertinent statutes. See La. R.S. 15:529.1(A)(1); La. R.S. 40:967(0(2). The court of appeal affirmed after finding, in pertinent part, that defendant failed to preserve his excessive sentence claim for review and that defense counsel’s failure to object to the sentence or file a motion to reconsider did not amount to ineffective assistance because, in any event, the sentence imposed by the court is not excessive. State v. Mills, 12-0851 (La.App. 4 Cir. 7/3/13), 120 So.3d 802.
As a general rule, “[sentences must be individualized to be compatible with the offenders as well as the offenses.” State v. Jones, 398 So.2d 1049, 1051 (La.1981). In addition, this Court has found that “maximum sentences are reserved for the most egregious or blameworthy of offenders.” State v. Telsee, 425 So.2d 1251, 1254 (La.1983). In the present case, the only justification expressed by the sentencing judge for imposing a maximum sentence was her belief that a longer sentence would effectuate defendant’s express desire to steer clear of the Orleans Parish Prison and result in his placement in a facility operated by the Department of Public Safety and Corrections, which does have the authority to house prisoners | gcommitted to its custody in the local parish prisons of the state to alleviate overcrowding in state-run correctional facilities “until the individual is confined in a penal or correctional institution under the supervision of the department.” La.R.S. 15:824(B)(l)(a). In fact, the trial court lacked the authority to insure defendant’s placement within the Department of Corrections under any set of circumstances. See La. R.S. 15:824(A) (“Any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department.”); see also State v. Rome, 96-0991, p. 7 (La.7/1/97), 696 So.2d 976, 980 (“A trial judge cannot designate the particular place of confinement wherein a defendant will serve his term of imprisonment.”) (citing *10 State v. Blue, 315 So.2d 281, 282 (La.1975)).
To the extent that sentencing errors, including claims of ineffective assistance of counsel at sentencing, are not cognizable in post-conviction proceedings, State v. Thomas, 08-2912 (La.10/16/09), 19 So.3d 466; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172, the court of appeal properly considered defendant’s pro se claim that counsel rendered ineffective assistance at sentencing on direct review. The court of appeal, however, misconstrued the nature of the claim. Defendant did not simply contend that counsel failed to object to imposition of the maximum sentence as excessive. Defendant also claimed that counsel erred by encouraging the court to interject an improper consideration into its sentencing determination, i.e. the attempt to steer him clear of the parish prison and into the Department of Correction’s facilities, thereby effectively removing the court’s discretion to consider any sentence less than the maximum. A trial court may not, however, arbitrarily refuse to exercise the discretion placed in it by law. State ex rel. Robertson v. Maggio, 341 So.2d 366, 370 (La.1976). Counsel’s error appears to have prejudiced defendant | ¡¡because there is a reasonable probability that the defendant’s sentence would have been “significantly less harsh,” Spriggs v. Collins, 993 F.2d 85, 88-89 (5th Cir.1993), taking into account “such factors as the defendant’s actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances.” United States v. Segler, 37 F.3d 1131, 1136 (5th Cir.1994) (citing Spriggs, 993 F.2d at 88). Even though sentencing does not concern a defendant’s guilt or innocence, ineffective assistance of counsel during a sentencing hearing may result in prejudice within the compass of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because “any amount of [additional] jail time has Sixth Amendment significance.” Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001).
Therefore, to the extent that we may resolve defendant’s claim of ineffective assistance on the present record, and in fact must resolve it on direct review if he is to have any forum in which to pursue the claim, we vacate the sentence imposed by the trial court and remand the case for a new sentencing hearing. In all other respects, the application is denied.
GUIDRY and CLARK, JJ„ would deny.