PAUL A. BONIN, Judge.
_jjWe previously vacated the defendant’s sentence due to the trial judge’s failure to observe the statutorily-prescribed delay before imposing sentence upon his conviction for carjacking, a violation of La. R.S. 14:64.2 A. We remanded the matter for re-sentencing and reserved unto the defendant, Kendrick Boyd, the right to appeal the sentence imposed on remand. See State v. Boyd, 11-1129, p. 8 (La.App. 4 Cir. 11/21/12); 104 So.3d 642, 646.
On remand, after finding that Mr. Boyd was properly adjudicated a second felony offender under the Habitual Offender Law, the trial judge sentenced him to a term of imprisonment of thirty-five years, without the benefit of parole, probation, or suspension of sentence. The sentence imposed, being within the authorized statutory range, is a legal sentence. See La. R.S. 15:529.1 A(l) (noting that if the second felony is punishable by imprisonment for any term less than the offender’s natural life, “then the sentence to imprisonment shall be for a |2determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction”); La. R.S. 14:64.2 B (‘Whoever commits the crime of carjacking shall be imprisoned at hard labor for not less than two years and for not more than twenty years, without benefit of parole, probation, or suspension of sentence.”). See, e.g., State v. Hunter, 02-2742, pp. 2-3 (La.App. 4 Cir. 2/19/03); 841 So.2d 42, 43.
Mr. Boyd appeals this sentence and assigns two errors. He first contends that his sentence, while legal, is nonetheless excessive under Article I, Section 20 of the Louisiana Constitution. See State v. Augustine, 555 So.2d 1331, 1334 (La.1990) (“Constitutional excessiveness of sentence and illegal imposition of sentence are quite separate and distinct matters. A sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration.”). See also La.C.Cr.P. art. 882; State v. Pernell, 14-0678, pp. 4-5 (La.App. 4 Cir. 10/15/14); 151 So.3d 940, 944 (citing State v. Dorthey, 623 So.2d 1276, 1280 (La.1993)); Augustine, 555 So.2d at 1334 (noting that “a district court (upon resen-tencing) is not bound by the sentence previously imposed, whereas [a reviewing court] is bound by a legally imposed sentencing which is not unconstitutionally excessive”). Mr. Boyd argues that the trial judge failed to consider certain mitigating evidence and relied upon facts contrary to the evidence presented. Mr. Boyd next contends that at sentencing his counsel rendered ineffective assistance under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Louisiana Constitution. Mr. Boyd specifically | aclaims that counsel’s performance was deficient and that he was prejudiced at sentencing by counsel’s failure to investigate his mental illness, to obtain and produce mitigating evidence of his bipolar disorder and recent hospitalization, and to present expert testimony on the effects of *262 bipolar disorder and whether his illness influenced his behavior on the day of the offense.
In order to adequately address Mr. Boyd’s claim of ineffective assistance on direct appeal, we must be able to evaluate the extent of his counsel’s investigation for mitigating evidence, whether the decision to not present any mitigating evidence of his bipolar disorder was tactical in nature, and whether the defendant suffered actual prejudice. After our thorough examination,- we find the record insufficient for proper review of this claim. To that end, we remand Mr. Boyd’s claim of ineffective assistance at sentencing to the district court in order to conduct an evidentiary hearing and to render a ruling on the merits. In the meantime, we will retain jurisdiction over Mr. Boyd’s remaining assignment of error which asserts excessiveness of sentence.
We explain our decision in greater detail below.
I
We begin by addressing the ineffective-assistance-of-counsel-at-sentencing claim.
 Both the Louisiana and United States Constitutions afford criminal defendants the right to the effective assistance of counsel at sentencing. See U.S. |4Const. amend. VI; La. Const, art. I, § 13. See also McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
In order to be entitled to a new sentencing hearing as a result of his claim that his counsel’s assistance was constitutionally-ineffective, Mr. Boyd must establish both prongs of the test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Lafler v. Cooper, — U.S. — , 132 S.Ct. 1376, 1385-6, 182 L.Ed.2d 398 (2012). First, Mr. Boyd must prove that counsel’s performance was deficient, which requires showing that serious errors were made such that counsel was no longer functioning as the “counsel” guaranteed by the Sixth Amendment. See Strickland, 466 U.S. at 687,104 S.Ct. 2052. Second, Mr. Boyd must prove that he was prejudiced by counsel’s deficient performance during sentencing. See id. Unless Mr. Boyd succeeds in making both showings, we cannot find that his sentence “resulted from a breakdown in the adversary process that renders the result unreliable.” Id. A trial judge, however, need not “address both components of the inquiry if the defendant makes an insufficient showing on one.” Id. at 697,104 S.Ct. 2052.
To show that counsel’s assistance was deficient, Mr. Boyd must show that counsel’s “representation fell below an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. The reasonableness of counsel’s performance must be measured “under prevailing professional norms” and “considering all the circumstances.” Id. “Judicial scrutiny of counsel’s performance must be highly deferential.” Id. at 689, 104 S.Ct. 2052. We do “ ‘not sit to second-guess strategic and tactical choices made by trial counsel.’ ” State v. Hoffman, 98-3118, p. 40 (La.4/11/00); 768 So.2d 542, 579 | .¡(quoting State v. Myles, 389 So.2d 12, 31 (La.1979)). And a reviewing court must always “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance....” Strickland, 466 U.S. at 689,104 S.Ct. 2052.
Mr. Boyd “must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.” Id. at 690, 104 S.Ct. 2052. Here, Mr. Boyd has pointed to counsel’s failure to investigate his mental illness, to obtain and produce mitigating evidence of his bipolar disorder and recent *263 hospitalization prior to the commission of the offense, and to present expert testimony on the effects of bipolar disorder and whether his illness influenced his behavior on that day. And the report of the pre-sentence investigation, which has been supplied to us under seal, does note that Mr. Boyd disclosed to the investigator that he had only been released from hospitalization at the DePaul’s Mental Facility just three weeks prior to the commission of the offense for a bipolar disorder.
In assessing the reasonableness of Mr. Boyd’s counsel’s conduct, the trial judge must determine “whether a reasonable investigation would have uncovered mitigating evidence. [And i]f such evidence could have been found, [the trial judge] must consider whether counsel had a tactical reason for fáiling to put the evidence” before the judge. State v. Sparks, 88-0017, p. 64 (La.5/11/11); 68 So.3d 435, 484 (citations omitted). “ ‘[Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments should support the limitations on investigation.’ ” Id., 88-0017, p. 65; 68 So.3d at 484 (quoting Burger v. Kemp, 483 U.S. 776, 794,107 S.Ct. 3114, 97 L.Ed.2d 638 (1987)). If the trial | ¿judge finds that the failure to present mitigating evidence was not a tactical decision but reflects counsel’s failure to adequately advocate his client’s cause, then the trial judge should next determine whether the defendant suffered actual prejudice before granting the requested relief. See Sparks, 88-0017, pp. 64-5; 68 So.3d at 484.
“An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.” Strickland, 466 U.S. at 691, 104 S.Ct. 2052. “The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel’s performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.” Id. at 691-92, 104 S.Ct. 2052.
Mr. Boyd bears the burden of proving prejudice. See id. at 693, 104 S.Ct. 2052. That is, Mr. Boyd “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052. This assessment of prejudice should' also “proceed on the assumption that the deci-sionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision.” Id. at 695, 104 S.Ct. 2052.
“Even though sentencing does not concern a defendant’s guilt or innocence, ineffective assistance of counsel during a sentencing hearing may result in prejudice within the compass of Strickland ... because ‘any amount of additional 17jail time has Sixth Amendment significance.’ ” See State v. Mills, 13-1901, p. 3 (La.3/21/14); 137 So.3d 8, 10 (per curiam) (quoting Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)) (citations and punctuation omitted). Counsel’s errors at sentencing have prejudiced a defendant when “there is a reasonable probability that the defendant’s sentence would have been significantly less harsh_’ ” See Mills, 13-1901, p. 3; 137 So.3d at 10. See also Sparks, 88-0017, p. 61; 68 So.3d at 482. Prior to making this determination, the trial judge should consider “such factors as the defendant’s actual sentence, the potential minimum and maximum sentences that could have been *264 received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances.” See Mills, 13-1901, p. 3; 137 So.3d at 10. And of course the trial judge who imposed the sentence initially is uniquely situated to determine whether any errors by counsel at sentencing would have resulted in a substantially less harsh sentence.
II
Ineffective-assistance-of-counsel claims are ideally and typically addressed in a post-conviction or collateral-review proceeding in the trial court, not on appeal. See State v. Watson, 00-1580, p. 4 (La.5/14/02); 817 So.2d 81, 84. See also State v. Small, 13-1334, p. 13 (La.App. 4 Cir. 8/27/14); 147 So.3d 1274, 1283. “The rationale behind such procedure is that a full evidentiary hearing may be conducted to explore the issue.” Watson, 00-1580, p. 4; 817 So.2d at 84 (citing State v. Stowe, 93-2020 (La.4/11/94); 635 So.2d 168, 173). Thus, defendants are | ^afforded the opportunity to expand upon and prove their allegations through the introduction of evidence in post-conviction proceedings.
An ineffective-assistance-of-counsel-at-sentencing claim, however, is not cognizable in post-conviction proceedings when, as here, the sentence imposed by the trial judge is within the authorized range of the sentencing statutes. See State v. Cotton, 09-2397, p. 2 (La.10/15/10); 45 So.3d 1030, 1031 (per curiam). See also State v. Pernell, 14-0678, p. 5 (La.App. 4 Cir. 10/15/14); 151 So.3d 940, 945. Article 930.3 of the Louisiana Code of Criminal Procedure, which enumerates the grounds upon which post-conviction relief may be granted, “ ‘provides no basis for review of claims of excessiveness or other sentencing error post-conviction.’” State v. Thomas, 08-2912 (La.10/16/09); 19 So.3d 466 (quoting State ex rel. Melinie v. State, 93-1380 (La.1/12/96); 665 So.2d 1172 (per curiam)) (emphasis added). See also La.C.Cr.P. art. 930.3. And a “habitual offender adjudication ... constitutes sentencing ' for purposes of Melinie and La.C.Cr.P. art. 930.3....” Cotton, 09-2397, p. 2; 45 So.3d at 1030 (emphasis added). See also Thomas, 08-2912; 19 So.3d 466. Thus, no statutory vehicle is offered for post-conviction consideration of claims of ineffective assistance of counsel arising out of habitual offender proceedings. See Cotton, 09-2397, p. 2; 45 So.3d at 1030.
Because Mr. Boyd’s claim is not cognizable in a post-conviction proceeding, we cannot refer the claim to a post-conviction proceeding and must consider on direct review his claim that counsel rendered ineffective assistance at sentencing. " See Mills, 13-1901, p. 2; 137 So.3d at 10. But the record in this matter is [¡Insufficient for us to make a proper determination as is often the case in ineffective-assistance-of-counsel claims. We do not have any testimony or evidence in the record to explain the absence of any documentation or expert testimony which might have supported or corroborated the information which Mr. Boyd as well as his aunt told the trial judge at sentencing about Mr. Boyd’s mental health. Notably, the trial judge did not mention or comment about Mr. Boyd’s mental health.[1]
Ill
Not only is the record as presently constituted insufficient for us to decide wheth *265 er Mr. Boyd can establish both prongs of the Strickland test, but also, as we have already stated, the particular trial judge who actually imposed the thirty-five year sentence is best situated to decide whether any deficiency on the part of sentencing counsel resulted in a significantly harsher sentence for Mr. Boyd.
We therefore remand the matter to the trial court for a full evidentiary hearing and decision on Mr. Boyd’s ineffective-assistance-of-counsel-at-sentencing claim. See Sparks, 88-0017, p. 66; 68 So.3d at 485 (citing State v. Strickland, 94-0025, p. 51 (La. 11/1/96); 683 So.2d 218, 238-9). In connection with the claim and hearing, the trial court shall ensure that Mr. Boyd, who is indigent, is represented by conflict-free counsel. See La. R.S. 15:175 A(l)(d); Martinez v. Ryan, — U.S. — , — , 132 S.Ct. 1309, 1317-8, 182 L.Ed.2d 272 (2012); State v. Carter, 10-0614, pp. 5-6 (La.1/24/12); 84 So.3d 499, 508-9.
With respect to the remaining assignment of error, we shall pretermit its consideration pending the filing of the supplemental record of the hearing and ruling of the proceedings on remand at which point the two assignments of error will be rejoined in a single, coherent action.[2] See State v. Johnson, 07-2034, pp. 34 (La.6/26/09); 23 So.3d 876, 877-8 (per curiam); State v. Garcia, 09-1578, p. 2 (La.9/23/11); 80 So.3d 1150, 1150-1 (per curiam). Cf. Sparks, 88-0017, p. 66; 68 So.3d at 485.
DECREE
We remand Kendrick Boyd’s ineffective-assistance-of-counsel-at-sentencing claim to the district court which shall ensure conflict-free counsel to represent Mr. Boyd', conduct a full evidentiary hearing, and rule on the merits of the claim. Upon the conclusion of the proceedings on remand, the district court shall cause a supplemental record of the proceedings on remand to be filed in this court in these proceedings.
JURISDICTION RETAINED; REMANDED IN PART.
BAGNERIS, J., DISSENTS WITH REASONS.

. The prosecution argues in brief that the trial judge did take the matter into consideration and concluded that it failed to show that Mr. Boyd could not distinguish between right and wrong. The prosecution has not cited to any of the sentencing transcripts in the record, and we cannot locate what the prosecution has argued.

. In the event that the trial judge finds that Mr. Boyd’s counsel was ineffective at sentencing and would modify the sentence and the prosecution has no opposition to that ruling, then nothing in this decision would prevent Mr. Boyd from withdrawing this appeal before the supplemental record is filed. Of course, in such event, either party may appeal the sentence imposed. See La.C.Cr.P. art. 912 B, C(l); Strickland, 94-0025, p. 51; 683 So.2d at 238-9 (citing State v. Wille, 559 So.2d 1321 (La. 1990)).